[Hart v. The State.]

# Hart v. The State.

### Indictment for Seduction.

1. *Seduction; indictment properly quashed when found on uncorrobor-ated testimony of prosecutrix.*—Where an indictment for seduction is founded on the uncorroborated testimony of the prosecutrix, such indictment will be quashed upon proper motion, seasonably made, as having been found in violation of the statute, (Cr. Code of 1886, § 4015; Cr. Code of 1896, § 5503).

APPEAL from the Circuit Court of Covington.

Tried before the Hon. J. W. FOSTER.

The appellant was indicted, tried and convicted for the seduction of Augusta Pagett, and was sentenced to the penitentiary for two years. There were two indictments preferred against the defendant in this case. The first was preferred at the spring term, 1895, of the circuit court of Covington county, and was destroyed by fire. At the fall term, 1895, another indictment was preferred, and it was upon this indictment that the trial was had.

Before interposing his plea, the defendant moved the court to quash the indictment upon the following grounds: "1st. Because the indictment was found upon the uncorroborated testimony of the woman alleged to have been seduced. 2d. Because Augusta Pagett, the woman alleged to have been seduced, was examined before the grand jury preferring the indictment, and said indictment was found upon her uncorroborated testimony. 3d. Because Augusta Pagett, the woman alleged to have been seduced, was the only witness examined before the grand jury preferring the indictment. 4th. Because there was no legal evidence before the grand jury preferring this indictment, corroborative of the evidence of the woman alleged to have been seduced."

The defendant introduced evidence in support of his motion, which showed that the grounds of the motion were well taken. The State introduced evidence tending to show that at the time the first indictment was preferred, at the spring term, 1895, there was other evi-

dence than the testimony of Augusta Pagett before the grand jury, which corroborated her testimony. But the court declined to consider this evidence. The motion to quash the indictment was overruled, and the defendant duly excepted. Under the opinion in this case, it is unnecessary to set out in detail the other facts of the case.

HICKMAN & RILEY, for appellant, cited Cr. Code, 1886, §§ 4015, 4350 ; *Sparrenberger v. The State*, 53 Ala. 481 ; *Cunningham v. State*, 73 Ala. 51 ; *Wilson v. State*, 73 Ala. 527.

WILLIAM C. FITTS, Attorney-General, for the State.

COLEMAN, J.—The defendant was charged by indictment with the offense of seduction. Before pleading to the indictment, he moved to quash it, upon various grounds, which appear in the statement of the case.

Section 4015 of the Cr. Code of 1886 (Cr. Code of 1896, § 5503), reads as follows : "Any man, who, by means of temptation, deception, arts, flattery, or a promise of marriage, seduces any unmarried woman in this State, must, on conviction, be imprisoned in the penitentiary for not less then one, nor more than ten years ; but no indictment or conviction shall be had under this section on the uncorroborated testimony of the woman upon whom the seduction is charged ; and no conviction shall be had, if on the trial it is proved that such woman was, at the time of alleged offense, unchaste."

In support of the motion the defendant introduced several of the members of the grand jury, whose testimony was without conflict, and in our opinion fully sustained the motion.

The evidence as to what testimony was introduced before a previous grand jury, was irrelevant and properly disregarded by the court. Rejecting this evidence, and considering only that examined by the grand jury which preferred the indictment, it is manifest the indictment was found in violation of the statute.—*Sparrenberger v. The State*, 53 Ala. 581 ; *Wilson v. The State*, 73 Ala. 527 ; *Cunningham v. The State, Ib.* 51.

There are other questions in the case, but they may not arise on another trial. A judgment will be here

[Douglass v. The State.]

rendered quashing the indictment. The defendant will be held in custody until discharged on bail, to await the action of the next sitting of the grand jury.

Reversed, rendered and remanded.