# Allen *v.* The State.

## *Seduction.*

(Decided May 24, 1909.    Rehearing denied June 30, 1909.
50 South. 279.)

1. *Pleading; Motion to Quash; Time.*—A motion to quash an indictment should be disposed of before requiring the defendant to plead to the merits.

2. *Indictment and Information; Motion to Quash; Evidence.*— Where a motion to quash an indictment for seduction is made on the ground that there was no corroborative evidence before the grand jury, and issue is joined on the motion, the defendant is entitled to show by the grand jurors returning the indictment that there was no such evidence, although the court could not inquire into the weight or sufficiency of the evidence, if there was any.

3. *Same.*—The mere fact that other witnesses were examined by the grand jury on the seduction charge, in addition to the prosecutrix, was not evidence that the testimony given by them was corroborative.

4. *Seduction; Evidence; Corroboration.*—Under section 7294, Code 1907, the corroboratory evidence is sufficient if it extends to a material fact and satisfies the jury that the prosecutrix was worthy of credit.

5. *Same; Jury Question.*—The weight and sufficiency of corroborative evidence is a question for the jury.

APPEAL from Talladega City Court.

Heard before Hon. G. K. MILLER.

[Allen v. The State.]

William H. Allen was convicted of seduction and he appealed. Reversed and remanded.

WHITSON & HARRISON for appellant. The court should not have required the defendant to announce ready for trial before disposing of his motion to quash.—*Crawford v. The State,* 112 Ala. 1. The offense of seduction as defined by the statute was not indictable at common law.—*Wilson v. The State,* 73 Ala. 527. The motion to quash should have been granted.—*Hart v. The State,* 117 Ala. 183. The defendant should have been allowed to prove by the grand jurors that there was no corroborative evidence before the grand jury.--*Hart v. The State supra.* The corroboration was not sufficient.—*Cunningham v. The State,* 73 Ala. 51. Where one party introduces a part of a conversation the other party is entitled to it all.—*Drake v. The State,* 110 Ala. 9; *Dodson v. The State,* 86 Ala. 60; *Hudson v. The State,* 137 Ala. 60. The defendant should have been permitted to prove the resemblance of the child to another.—*State v. Horton,* 100 N. C. 443; *Paulk v. The State,* 52 Ala. 427; *Kelly v. The State,* 133 Ala. 195. The court erred in permitting the State to ask the defendant if the witness Welch's testimony was true or false.—*Johnson v. The State,* 94 Ala. 35; *Braham v. The State,* 143 Ala. 28. Counsel discuss other assignments of error not necessary here to be set out.

ALEXANDER M. GARBER, Attorney General, and THOMAS W. MARTIN, Assistant Attorney General, MARION H. SIMS, Solicitor, and KNOX, ACKER, DIXON and BLACKMON for the State. The motion to quash came too late.— *White v. The State,* 74 Ala. 31; *Hall v. The State,* 134 Ala. 111. The refusal of the judge to quash the indictment is not reversible.—*Bryant v. The State,* 79 Ala.

282. The court properly declined to permit the grand juror to testify as to the evidence before that body.— *Bryant v. The State, supra; Hall v. The State, supra; Sparrenberger v. The State,* 53 Ala. 481; *Washington v. The State,* 63 Ala. 189. The corroboration was sufficient. —*Cunningham v. The State,* 73 Ala. 51; *Wilson v. The State,* 73 Ala. 527; *Suther v. The State,* 118 Ala. 88; *Whatley v. The State,* 144 Ala. 68.

MAYFIELD, J.—The defendant was indicted, tried, convicted, and sentenced to the penitentiary for three years for the offense of seduction. The defendant, before pleading not guilty, moved the court to quash the indictment upon various grounds contained in his motion. The state filed what is called an answer to this motion, though in fact it is not such; but, if the matter set up therein were availing at all, it would be as a demurrer to motion. The defendant moved to strike the answer, and each ground thereof, and after the motion was overruled demurred thereto, and the demurrer was also overruled. The defendant then introduced one or more of the grand jurors as witnesses, whom the court allowed to testify that other witnesses were examined by the grand jury; but the court declined to allow the defendant to prove by them any facts to which such witnesses before the grand jury had testified. To this the defendant excepted, and proposed to prove by these grand jurors that none of the other witnesses testified to any facts in corroboration of the evidence of the woman upon whom the seduction is charged to have been practiced. The court declined to allow the defendant to attempt to prove such facts. Whether the motion was sufficient, if proven, to require the indictment to be quashed, and whether it was interposed within time, are questions not before us for review. The court seems to have treat-

ed it as sufficient, and to have allowed it to be filed, but required defendant to announce ready for trial or to plead before passing upon the motion to quash. This was irregular. The court should have first disposed of the motion before requiring the defendant to plead to the merits.—*Crawford's Case,* 112 Ala. 1, 21 South. 214.

The answer of the state to the motion to quash was wholly insufficient, and defendant's demurrer thereto should have been sustained. Treating the motion and the answer as sufficient—as the court evidently did— the defendant should have been allowed to make the proof offered. It tended to prove the averments of the motion and the issues raised thereby. Issue having been joined upon the motion and the answer, either party was entitled to introduce proof in support of or against. No matter if the issues were immaterial, the trial being had theron, the defendant was entitled to prove or dis- prove them if he could, and could, under this particu- lar statute and the issues in this case, make the proof by the grand jurors, who heard all the evidence. While it would not be proper to prove, or to attempt to prove, by the grand jurors or other witnesses, the weight, extent, or sufficiency of the corroborative evi- dence, it was certainly competent to prove that there was none, or that there was some. If there was no cor- roborative evidence the indictment should have been quashed; if there was any, it should not. The court could not and should not have inquired or attempted to inquire into the weight or sufficiency of such evidence. The mere fact that other witnesses than the prosecutrix were examined did not prove that the testimony given by them did or did not corroborate that of the prosecu- trix. Their testimony may have contradicted hers, or have been as to entirely different or immaterial matters. It seems to be the practice (or, at least, it was approved

and allowed in *Hart's Case,* 117 Ala. 183, 23 South. 43) to allow the grand jurors to testify as to what the witnesses before them testified touching the matter upon which the indictment was found.

It is evident that the trial court followed the rule and practice announced by this court in *Sparrenberger's Case,* 53 Ala. 481, 25 Am. Rep. 643, as to the extent to which inquiry can be had as to the evidence before the grand jury and upon which they passed or found an indictment. It is there said that when it appears that the witnesses were examined by the grand jury, or the jury had before them legal documentary evidence, no inquiry into the sufficiency of the evidence is indulged. This was said in reference to the common-law rule and the statute (Rev. Code 1867, § 4103, now section 7297, Code 1907). The section of the Code applicable to this case is 7776, which, in addition to what is required by section 7297, requires that "no indictment or conviction shall be had under this section on the uncorroborated testimony of the woman upon whom the seduction is charged." Therefore, in a case of seduction, in order to support an indictment, it must not only appear that "witnesses were before the grand jury," or that the grand jury had before them "legal documentary evidence," but it must also appear ( if the issue is properly raised) that the indictment was not had on the uncorroborated testimony of the prosecutrix. The provision of our statute as to the necessity and sufficiency of evidence, corroborative of that of the prosecutrix, to support the indictment or a conviction thereunder, has been construed to be sufficient if "the corroboration is of some matter material to the guilt of the accused, that such matter must not be in its nature formal, indefinite, or harmless, and that its effect shall be to convince the jury that the corroborated witness has sworn truly;"

that it was unnecessary that the corroborating evidence should be as to all the material elements of the offense, or that it should tend to convict the defendant of the commission of the offense, as is required in the case of convictions of felonies on the testimony of accomplices.

The difference between these two statutes is pointed out, and the distinction made, in *Cunningham's Case,* 73 Ala. 56. Chief Justice Brickell, in *Wilson's Case,* 73 Ala. 534, declared a different rule, and the one that seems to have been adopted by most of the courts in construing statutes of seduction similar to this one, and the one the text-books seem to have preferred, if not adopted or adhered to; but in that case he yielded his opinion ˙to that of the majority, and adopted the rule announced by Justice Stone in *Cunningham's Case,* 73 Ala. 51. The writer is much inclined to the rule announced by Chief Justice Brickell; but the other has become the settled rule of law in this state, and it is important that the law be certain, as well as that it be right. The two rules are thus stated by Brickell, C. J., in *Wilson's Case,* 73 Ala. 527: "Other courts, and the larger in number, require that the confirmatory or corroboratory evidence shall extend to every material fact which is a necessary element of the offense—the promise to marry, or the art of deception practiced to accomplish the illicit intercourse, and that the intercourse was the result of such promise, or of such art or deception. *State v. Timmens,* 4 Minn. 325 (Gil. 241); *Andre v. State,* 5 Iowa, 389, 68 Am. Dec. 708; *State v. Painter,* 50 Iowa, 317; *Zabriskie v. State,* 43 N. J. Law, 640, 39 Am. Rep. 610; *Kenyon v. People,* 26 N. Y. 203, 84 Am. Dec. 177. This, I am of opinion, is the proper construction of the statute before us. It means that there must be, independent of the evidence of the woman, proof of such facts and circumstances as tend to show the com-

mission of the offense. Less will not meet the words or spirit of the statute. The confirmatory evidence may not be direct and positive. It may be circumstantial, consisting of such facts as usually attend upon or are the companions of the main facts to be proved, and .which strengthen the evidence of the woman. And these circumstances must tend to connect the defendant with the commission of the offense. They must point and single him out from other men. Mere acquaintance, and mere opportunity for sexual intercourse, do not furnish corroborating evidence of seduction; for sexual intercourse is one only of the elements of the offense. The evidence must go further, and must tend reasonably to prove, not only the sexual intercourse, but that it was accomplished by the use of some of the means specified in the statute. And if, as in the present case, a promise of marriage is relied upon as the moving cause for the criminal connection, and in corroboration of the evidence of the woman it is sought to deduce such promise from circumstances, the circumstances ought to be such as usually accompany an engagement of marriage, not attentions which are consistent only with the pursuit of lust.—*State v. Painter*, 50 Iowa, 317; *State v. Araah*, 55 Iowa, 257, 7 N. W. 601; *Rice v. Commonwealth*, 100 Pa. 28. A majority of the court do not, however, concur in this view. They adhere to the rule laid down in *Cunningham v. State* (at present term) 73 Ala. 51, and it must be regarded as settled the corroborative evidence is sufficient if it extends to a material fact and satisfies the jury the woman is worthy of credit. As that case has passed beyond the control of the court, I am not adverse to this conclusion."

The other questions may not arise on another trial, and will not be here considered. The trial court should have allowed proof, on the hearing of the motion to

[Pannell v. The State.]

quash, to show that there was or was not corroborative evidence of the testimony of the prosecutrix. The weight, sufficiency, and extent thereof are exclusively questions for the jury, and not for the court on the hearing of this motion.

The Judgment is reversed, and the cause remanded.

Reversed and remanded.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.

