# Pannell *v.* The State.

### *Seduction.*

(Decided June 10th, 1909.    Rehearing denied June 30th, 1909.
50 So. 281.)

*Seduction; Corroboration; Sufficiency.*—The corroboration of the prosecutrix in a prosecution for seduction is sufficient if it extends to a material fact and satisfies the jury that the prosecutrix is worthy of belief; it need not be as to every material fact.

APPEAL from Blount Circuit Court.

Heard before Hon. A. H. ALSTON.

James W. Pannell was convicted of seduction and he appeals. Affirmed.

WARD & WEAVER for appellant. The corroboration was not sufficient.—*Cunningham v. The State,* 73 Ala. 51; *Wilson v. The State,* 73 Ala. 587; *Carney v. The State,* 79 Ala. 14; *Weaver v. The State,* 39 South. 341. On these authorities charges 1 and 2 should have been given. The appellant is not guilty of the crime of seduction under a promise of marriage if the promise was to become effective upon the pregnancy of the prosecutrix. —25 Oregon 174; 144 N. Y. 361; 48 Ga. 192.

ALEXANDER M. GARBER, Attorney General, and JAMES A. EMBRY, Solicitor, for the State. The corroboration was sufficient.—*Cunningham v. The State,* 73 Ala. 51; *Weaver v. The State,* 142 Ala. 40; *Cooper v. The State,* 90 Ala. 641. The court did not err in refusing the charges requested.—*Hooper v. The State,* 106 Ala. 41, and authorities *supra.*

MAYFIELD, J.—The defendant was convicted of seduction. There was abundant evidence to support the verdict of guilty; hence the court did not err in declining to exclude the evidence on defendant's motion.

The evidence of the woman alleged to have been seduced, if true, made out a prima facie case of guilt under the indictment as charged. The father of the girl testified to a number of facts and circumstances which corroborated her The child, the alleged offspring of the illicit intercourse, was present in court at the trial, and was so identified by its mother; and profert of it was made to the jury. There was also evidence showing, or tending to show, flight by defendant. The defendant introduced no proof, except as to his good character.

The evidence of the prosecutrix was sufficiently corroborated to support a conviction under the law as often decided by this court, which is to the effect that the corroboration of the prosecutrix need not be as to every material fact, but is sufficient if it extends to a material fact, and satisfies the jury that the woman is worthy of credit.—*Cunningham's Case,* 73 Ala. 51; *Wilson's Case,* 73 Ala. 534; *Suther's Case,* 118 Ala. 88, 24 South. 43; *Allen's Case,* 50 South. 279.

Each of the charges requested by the defendant was properly refused. Some of them are confused and misleading, some are argumentative, some abstract, while others give undue prominence to a part only of the evi-

[Grayson v. The State.]

dence. It is evident that in the copying or setting out of these charges several clerical errors were made, and some of the charges are thereby rendered unintelligible.

It appears from the record that charges Nos. 4 and 5 were asked and refused in bulk. Moreover, charge 4 was abstract, for that there was no evidence showing that the woman seduced was named Jane.

The judgment of the circuit is affirmed.

Affirmed.

DOWDELL, C. J., and SIMPSON and DENSON, JJ., concur.