[Smith v. The State.]

# Smith v. The State.

## Seduction.

(Decided June 15, 1915. Rehearing denied June 30, 1915.
69 South. 402.)

1. *Indictment and Information; Quashing; Evidence Before Grand Jury.*—Unless substantially all the evidence introduced before the grand jury is shown, an indictment will not be quashed for insufficiency of the evidence before that body.

2. *Same.*—Notwithstanding the provisions of section 7776, Code 1907, an indictment for seduction will not be quashed on the ground that there was no corroborating evidence before the grand jury, where persons other than the prosecutrix appeared before that body, and it was not shown as to what they testified.

3. *Seduction; Elements.*—Under section 7776, Code 1907, seduction is the act of persuading or inducing an unmarried woman, who is chaste, to depart from the path of virtue, either by deception, which is the act of deceiving, intentional misleading by falsehood spoken or acted; temptation, which consists of an evil enticement; flattery, which is an effort to induce another, by the use of false or excessive praise, insincere complimentary language or conduct; art, which is the skillful and systematic arrangement of means for the attainment of a desired end; or promise of marriage. •

4. *Same; Evidence; Sufficiency.*—Under the evidence in this case it was a question for the jury to determine whether the temptation, art, or flattery of the defendant was sufficient to constitute the crime charged.

5. *Same; Corroboration.*—It is enough if the corroborating evidence satisfies the jury that the prosecutrix is worthy of belief, and it is not necessary that the prosecutrix be corroborated as to every material element of the offense.

6. *Same; Presumptions.*—In a prosecution for seduction there is a presumption that the prosecutrix is chaste, which presumption continues until there is evidence to the contrary.

7. *Same; Chastity of Female; Evidence.*—Evidence to impeach the chastity of the prosecutrix in seduction must be as to acts of unchastity before the alleged seduction.

8. *Same; Hearsay.*—Evidence as to what a third person told a witness about having intercourse with the prosecutrix is inadmissible in a seduction prosecution.

9. *Same.*—In the absence of evidence to show that her conduct was improper, the fact that the prosecutrix was seen strolling in the parks with the boys is not admissible, on the question of her chastity.

10. *Appeal and Error; Harmless Error; Evidence.*—Where the defendant answered the question in the negative, any error in over-

ruling his objection to the question, which if answered in the affirmative, would have raised an undesirable inference, is rendered harmless.

11. *Seduction; Prosecutrix; Character Evidence.*—Where the defense raises the issue of the chastity of the prosecutrix, the state may introduce evidence of her general good character in that respect.

12. *Same; Knowledge.*—Where witnesses knew that the character of the prosecutrix for chastity was good because they had lived in the same community with her and had known her all her life, and had never heard the slightest reproach against her, such witnesses are competent to testify to her good character in that regard.

13. *Same; Instructions.*—Charges asserting that if the prosecutrix testified as she did as to her intercourse with the defendant because of her subsequent pregnancy, and not because of the arts, etc., of defendant, they must acquit, are properly refused as arguments.

14. *Same.*—Instructions omitting the elements of seduction as defined by section 7776, Code 1907, are properly refused.

15. *Same; Elements.*—Where the accused gave the prosecutrix whisky, thus arousing her passions, and then fondled her until he was able to seduce her, he was guilty of the crime of seduction, notwithstanding the prosecutrix loved whisky.

16. *Charge of Court; Inapplicable to Evidence.*—Instructions not predicated on hypotheses raised by the evidence; or predicated upon hypotheses not raised by the evidence, are abstract and properly refused.

17. *Same; Covered by Those Given.*—Instructions substantially covered by written instructions given are refused without error.

18. *Seduction; Instructions.*—A charge failing to define the term seduction, and leaving it to the jury to determine whether the facts constituted a seduction, was refused without error.

19. *Same.*—A charge asserting that if the jury believe beyond a reasonable doubt that prosecutrix had had intercourse with other men prior to the date of the seduction charged, defendant should be acquitted, although he had intercourse with her, is argumentative and properly refused.

APPEAL from Gadsden City Court.

Heard before Hon. JAMES A. BILBRO.

Wade Smith was convicted of seduction, and he appeals. Affirmed.

(This case was reviewed by the Supreme Court on certiorari, and the writ denied. See 193 Ala. 680, 69 South. 1020.)

The following are the charges referred to in the opinion, refused to the defendant: (2) If the jury find from

[Smith v. The State.]

all the evidence in the case that Rena Smith testified as she did to the intercourse in the room of Wade Smith because of her subsequent pregnancy, and not because of the arts, flattery, or persuasion of Wade Smith, then they cannot convict.

(3) If, after considering all the testimony, you find that Wade Smith did not in the manner and at the time testified to by Rena Smith, seduce her by means of art, flattery, deception, or persuasion, then you cannot convict.

(4) If Rena Smith voluntarily had intercourse with the defendant after she had taken the whisky given her by the defendant, and she had such intercourse because she had taken the whisky, and not because of any arts, flattery, or deception on the part of defendant, then you cannot convict.

(5) It makes no difference whether the defendant gave her whisky or not, if you find from the evidence that the arts, flattery, or persuasion of Wade Smith was not the cause of her consent to have intercourse with the defendant.

(6) If you find from the evidence in this case that Rena Smith is accustomed to drinking whisky, and that she had the intercourse testified to by her because of the whisky, which she voluntarily drank, and not because of any arts, flattery, or persuasion on the part of the defendant, then you cannot convict.

(7) If Rena Smith was induced by her own sexual passions and by her own love for whisky to have sexual intercourse with the defendant, then you cannot convict.

(8) You may consider the age of Rena Smith and the strength of her mind, and the fact that she knew Wade Smith was a married man, in considering the fact of his having induced her by arts, flattery, or persuasion or de-

ception to have intercourse with him; and if you find from all the evidence that she had the intercourse testified to voluntarily, and not because of arts, flattery, persuasion, or deception of the defendant, then you should acquit him.

(9) If Rena Smith was unconscious at the time of the alleged seduction, then you cannot convict the defendant.

(10) Even though the jury find that defendant was the father of the child of Rena Smith, and that he had intercourse with her the night alleged by her in the home of Wade Smith, and if they find from all the evidence in the case, after considering it, that Rena Smith was not at the time seduced by defendant, they should acquit.

(13) Same as 9.

(15) If you believe from the evidence beyond a reasonable doubt that Rena Smith had sexual intercourse with other men prior to the third week in January, 1914, then you must find the defendant not guilty, although you may believe the defendant had sexual intercourse with her at the time alleged.

ROPER & STEPHENS, and J. M. MILLER, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

THOMAS, J.—(1, 2) The charge was seduction, and the defendant before entering upon the trial made a motion to quash the indictment on the alleged ground that it was found by the grand jury upon the uncorroborated evidence of the female alleged to have been seduced.— Code, § 7776; *Hart v. Allen,* 117 Ala. 183, 23 South. 43; *Allen v. State,* 162 Ala. 74, 50 South. 279, 19 Ann. Cas. 867; *Holland v. State,* 11 Ala. App. 134, 66 South. 126.

[Smith v. The State.]

The state joined issue upon the motion, and it was incumbent upon defendant to prove its allegations, since, presumptively, the indictment, which had been duly returned by the grand jury, properly indorsed as a true bill and signed by the foreman, was regularly found on legal and sufficient evidence.—22 Cyc. 206; *Holland v. State, Supra.*

The evidence offered by defendant in support of his motion developed without dispute that, not only was the female who was alleged to have been seduced examined before the grand jury who returned the indictment, but that also three other persons were examined before them as witnesses in the case; but the evidence for defendant on the motion does not purport to show all that these three witnesses swore to before the grand jury on that examination, but only a part of. what they swore to. Assuming, without deciding, that this part did not amount to such a corroboration of the female alleged to have been seduced as to be sufficient to justify the finding of an indictment, we are not authorized to presume, nor was the lower court authorized to presume, against the validity of the indictment, that the other matters testified to by the said winesses, and not shown on the trial of the motion, were not sufficient, with the matters so shown to have been testified to by them, to authorize the finding of the indictment. Hence we cannot say that the lower court erred in overruling the motion to quash, as it does not appear that the showing before the lower court as to the absence of corroborating testimony before the grand jury was sufficient or satisfactory (*Holland v. State,* 11 Ala. App. 134, 66 South. 126), although it be that by reason of section 7776 of the Code the rule as to these matters in seduction cases is some different from the rule in other cases.

—*Holland v. State, supra; Allen v. State, supra; Mc-Leod v. State,* 8 Ala. App. 333, 62 South. 991.

In no case, however, can an indictment be stricken down on a presumption of the absence of sufficient evidence before the grand jury; but such absence must be fully and satisfactorily shown, by showing all or substantially all that was testified to before the grand jury; which was, as seen, not done here.—22 Cyc. 206; *Holland v. State, supra; Dovall v. State,* 63 Ala. 18; *Axelrod v. State,* 7 Ala. App. 64, 60 South. 959.

(3) Many objections and exceptions were taken on the trial to the rulings of the court on the admission and rejection of evidence and on the refusal of charges; but if we were to undertake to deal with each of such objections and exceptions separately, there being such a multitude of them, it would spin this opinion out to undue length and at the same time serve no good purpose. We shall content ourselves, therefore, with merely reiterating a statement of those settled principles of the law of seduction which are applicable to some of the questions raised on this appeal, as a sufficient answer to many of the contentions of the defendant.

"Seduction" may be defined to be the act of persuading or inducing an unmarried woman who is chaste at the time to depart from the path of virtue, when accomplished by means of either a promise of marriage or by the use of any species of temptation, deception, arts, or flattery, which are calculated to and do have that effect, and which result in her ultimately submitting herself to the sexual embraces of the person accused, whether he be a married or an unmarried man.—Code, § 7776. Simply having sexual intercourse with a woman, though she is reluctant to do so, does not, of course, constitute seduction; nor does the having of such intercourse with

her by her consent for a consideration paid or promised to be paid amount to such, where she voluntarily and deliberately sells herself, and where her consent thereto is not obtained and her reluctance not overcome by the man as the result of the employment by him of some one or more of the means stated.

" 'Deception' is the act of deceiving; the intentional misleading of another by a falsehood spoken or acted. 'Temptation' is that which tempts to evil; an evil enticement or allurement. 'Flattery' is an effort to influence another by use of false or excessive praise; insincere complimentary language or conduct. 'Art' is the skillful and systematic arrangement or adaptation of means for the attainment of some desired end."—*Suther v. State,* 118 Ala. 97, 24 South. 43.

What temptation, deception, arts, or flattery may be sufficient in one case to overcome the will of the woman and cause her to surrender her virtue may not be sufficient in another case—depending, as it does, upon the relative moral and intellectual strength of the man and the woman, their respective positions in society, the vantage ground of the man, the weakness of the woman, her necessities, and a variety of conditions and circumstances peculiar to each case, which must be judged of by the jury. And therefore, when any temptation, deception, arts, or flattery at all are shown, it must be left to the jury to say whether it or they were sufficient, and whether it or they did in fact induce the intercourse, or whether the intercourse was the result of merely a desire on the part of the woman to gratify her sexual passions or deliberately to sell herself for a consideration, uninfluenced and not superinduced by the arts and wiles of the man.

As applicable to the case at bar, it may be said that it has been held, and which holding we approve, that,

where it appeared that the man accused of the seduction boasted of his wealth to the unfortunate woman and promised her that he would provide for her if she would yield her person to his embraces, and such promise and persuasions were renewed from day to day until the woman finally yielded, it constituted seduction.—*Johnson v. Holliday*, 79 Ind. 151.

(4) In the case at bar the evidence for the state tended to show, among other things: That the female alleged to have been seduced was but 19 years old at the time of the trial, which made her about 18 at the time of the alleged seduction. That she at times previous thereto had been working in a cotton factory for a livelihood. That the defendant was her brother-in-law, having married her sister. That on several occasions previous to the alleged seduction he had put his arms around her, flattering her and telling her that she was a pretty little girl and begging her to yield to him, promising that her sister, his wife, would never know anything about it, nor would any one else, except the two. That she resented and resisted his proposals until the time in question, which happened under the following circumstances: Her sister, the wife of the defendant, became sick and was confined to her bed, when the girl here was requested by defendant to come over to his home and wait on her sister, nurse the baby, and look after the household affairs while her sister was sick. On one of the nights while she was over there for that purpose, the defendant, while his wife was still confined to her bed, asked the girl to remove the baby, a child about two years old, from its mother's bed to the bed in his (defendant's) room, which was a different room and across the hall from that then being occupied by the wife, with whom, it appears, the girl slept at night,

though the baby, it appears, during such time, slept at night with defendant in the room aforesaid, and to which he requested the girl to remove it; the defendant saying at the time, about 10 o'clock at night, that he wished to retire and that he desired the baby removed before he did retire. Before going to his room, however, he asked the girl if she did not want a drink of whisky, saying in effect that he knew she was tired and that it would strengthen her for the task of waiting on his wife. She took the drink defendant fixed for her, and in a few minutes he went on to his room, to which shortly after the girl brought the child, and, so soon as she had laid it on the bed, the defendant, stepping from behind the door, shut it, blew out the light in the room, and then, putting his arms around the girl, fondled her, telling her she was pretty, and promising that if she would submit to him no one would ever know it, and that he would give her money all along, and saying that he had been and would be good to her, and that now that his wife was sick she ought to be good to him, and that if she would yield to him just one time he would never ask to bother her again.

The temptation, arts, and flattery shown were sufficient to authorize the jury in believing that the girl, being at the time, by the art of the defendant, under the influence of strong drink, was persauded by his temptations and flatteries to yield up to him her virtue, and the court did not err in refusing the affirmative charge requested on this score.

(5) It was not necessary that the corroboration of the prosecutrix extend to every material element of the crime; it was sufficient if it extended only to a material fact and satisfied the jury that the woman was worthy of credit.—*Allen v. State, supra; Holland v. State,*

*supra; Pannell v. State,* 162 Ala. 81, 50 South.·281. The mother and a sister of the girl, but not the sister who was defendant's wife, testified to a number of facts and circumstances which corroborated her in material respects. Besides, there was evidence tending to show a confession on the part of the defendant and tending to show·flight by him, as well as evidence that at the time of the trial the child had been born. This was a sufficient corroboration to authorize a submission of the case to the jury.—Authorities last cited.

(6, 7) On the question of chastity, it may be said that the chastity of the female is presumed, and that such presumption continues until there is evidence to·the contrary of such a character as raises in the minds of the jury a reasonable doubt of such chastity.—*Suther. v. State, supra.* The evidence impeaching such chastity, however, must, in order to be admissible, be such as tends to show that at the time of the seduction the woman was actually unchaste. Hence, evidence of acts of sexual intercourse on her part with·other men subsequent to the alleged seduction are inadmissible.—*Suther v. State, supra;* 35 Cyc. 1350. This was the fault which rendered objectionable the testimony of defendant's witnesses Hal Christopher, J. Howard, and Ed Badget, who were introduced to testify to intercourse with prosecutrix, after the time of the alleged seduction.

(8) The testimony of Claude Kay as to what a third person, Will Williamson, told him (Kay) as to having intercourse with the girl, was clearly inadmissible as hearsay.

(9) The testimony of Lorence Yancey, to the effect that before the seduction he saw the girl, alleged to have been seduced, out at the park strolling around with some boys, was properly excluded, as there was nothing in

the evidence as to her conduct on such occasion tending in the least to show that the girl did any act which would indicate in the slightest that she was unchaste.

(10) If there was any error on the part of the court in overruling the many objections interposed by defendant's counsel to the several questions asked defendant by the solicitor on defendant's cross-examination, such error was rendered harmless by the fact that defendant answered each question so objected to in the negative, thereby denying the implication contained in the several questions.

(11) The state had a right, in rebuttal of defendant's evidence tending to impeach the chastity of the female, to adduce evidence of her general good character in that respect.—*Suther v. State, supra.*

(12) The fact that some of these character witnesses testified that they were testifying to the good character of the female from their own knowledge did not render their testimony objectionable, where it further appeared from their statements that they knew her character for chastity was good, because they had never up to the time of the seduction heard anybody say the slightest thing against it, though they had known and lived in the community with the girl practically all her life.—*Hussey v. State,* 87 Ala. 120, 130, 6 South. 420.

(13) Refused charges 2 and 11 were merely arguments.

(14) Refused charges 3, 4, 5, 6, and 8 were faulty, if for no other reason, because of the omission in each of the word "temptation."—Code, § 7776.

Refused charge 7 was faulty in pretermitting a consideration by the jury of the use by defendant of "temptation, deception, arts, or flattery."

(15) Even though the prosecutrix may have loved whisky, and even though no solicitation on defendant's

part may have been or was necessary to induce her to take the drink he offered her, yet, if he gave her such drink for the purpose and with the end in view of weakening her powers of resistance and of stimulating her sexual passions beyond their normal condition, so that they could the more easily be aroused by caresses, fondling and flattery of her on his part when she subsequently came into his room, and he did, when she so came in, and while she was in such weakened condition, so brought about by his designing, caress, fondle, and flatter her, to such an extent that her sexual passions were so aroused as to overmaster her, then, although the immediate case of her yielding may have been her sexual desires, the defendant would still be guilty, since such desires were superinduced as the result of his arts and flattery.—*Dutch Brand v. State, infra,* 69 South. 379; *Hall v. State,* 134 Ala. 90, 32 South. 750.

(16) Refused charges 9 and 13 were abstract, since there was no evidence that the girl was unconscious at the time he yielded. The sole evidence as to her not knowing what happened related to the time after she had yielded.

(17) Refused charge 10 was properly refused because referring to the jury a question of law, in that it failed to define the word "seduced" as therein used.—*Davis v. State,* 8 Ala. App. 147, 62 South. 1027.

(18) Refused charges 12, 14, and 16 were covered by given charges 1, 2, 7, and 9.

(19) Refused charge 15 was argumentative, if not covered by the given charges last mentioned.

We find no error in the record, and the judgment of conviction is affirmed.

Affirmed.