(86 South. 257)

WALKER v. STATE.  (2 Div. 213.)

(Court of Appeals of Alabama. June 20, 1920.)

1. INDICTMENT AND INFORMATION ⬩10— CANNOT BE QUASHED BECAUSE EVIDENCE BEFORE GRAND JURY WAS INSUFFICIENT.

An indictment cannot be quashed on the ground that the grand jury did not have sufficient legal evidence before it, since, if it had any legal evidence, all inquiry as to the nature and sufficiency thereof is cut off.

2. INDICTMENT AND INFORMATION ⬩10—CAN BE QUASHED IF GRAND JURY HAD NO COMPETENT EVIDENCE.

An indictment can be quashed on the ground that the grand jury had before it no legal evidence on which it could find the indictment.

3. CRIMINAL LAW ⬩419, 420(10)—INDICTMENT AND INFORMATION ⬩10 — EVIDENCE OBJECTIONABLE AS HEARSAY—HEARSAY AS EVIDENCE AS TO OPERATION OF STILL INSUFFICIENT TO SUSTAIN INDICTMENT.

Where the only evidence before the grand jury was testimony by three witnesses that a still was shown them by a negro, who said defendant operated it, and that they did not see the still in operation, which was incompetent as hearsay, defendant was entitled to have the indictment quashed.

Appeal from Circuit Court, Dallas County; B. M. Miller, Judge.

Ben Walker was convicted of making or manufacturing prohibited liquors, and he appeals. Reversed and rendered.

The facts sufficiently appear from the opinion of the court.

Reese & Reese, of Selma, for appellant.

The evidence showed that the second ground of the motion should have been sustained, and that the court erred in failing to do so. Section 7297, Code 1907; 53 Ala. 481, 25 Am. Rep. 643; 117 Ala. 183, 23 South. 43; 162 Ala. 74, 50 South. 279, 19 Ann. Cas. 867; 13 Ala. App. 399, 69 South. 402.

J. Q. Smith, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

There is no merit in the contention of the defendant. 79 Ala. 282; 186 Ala. 23, 65 South. 330; 117 Ala. 169, 23 South. 486.

BRICKEN, P. J. Before entering upon the trial of this case, in the court below, the defendant, appellant, moved to quash the indictment upon the following ground:

"(1) That the grand jury, by which said indictment was found, did not have sufficient legal evidence before it upon which to find said indictment; (2) that said grand jury did not have before it any legal evidence tending to establish the corpus delicti of the offense charged in the indictment."

Issue was joined by the state on this motion, thereby entitling either party to introduce proof in support of or against the motion.

[1] Under the criminal procedure of this state the first ground of the motion was without merit, and could not prevail, for if the grand jury had any legal evidence before it to authorize the finding of an indictment, all inquiry as to the nature, character, and sufficiency thereof is cut off, when sought for the purpose of attacking the validity and integrity of the indictment. Agee v. State, 117 Ala. 169, 23 South. 486; Jones v. State, 81 Ala. 79, 1 South. 32.

[2] But not so with the second ground of the motion, for in the absence of competent witnesses or legal documentary evidence a grand jury is without authority to find an indictment. Code 1907, § 7297; Sparrenger v. State, 53 Ala. 481, 25 Am. Rep. 643; Hart v. State, 117 Ala. 183, 23 South. 43; Smith v. State, 13 Ala. App. 399, 69 South. 402; Allen v. State, 162 Ala. 74, 50 South. 279, 19 Ann. Cas. 867.

The material inquiry, therefore, in the court below, and here, is the question raised by the second ground of the motion to quash, the ground as stated being that the grand jury had no legal evidence before it upon which to predicate an indictment against this defendant. On this question it was proven without conflict that the only witnesses who testified in this case before the grand jury were N. S. Stanfill (the sheriff) and A. S. Williams and A. A. Beck. On the motion to quash Stanfill testified, substantially, that he was before the grand jury as a witness in this case. He testified as follows:

"I think I told them [grand jury] that the still was shown me by a negro, who said Ben Walker [the defendant] operated the still." "I did not see the still in operation." "I told them [grand jury] that the source of my information about it was what another nigger told me, who said he had seen it in operation."

And in reply to the question, "The only knowledge you told the grand jury you had of the operation of that still was what somebody else told you?" to which question witness replied:

"Yes, that is my recollection. I did not tell them I saw it in operation. That is substantially all that I told the grand jury."

Beck and Williams, the only other witnesses before the grand jury, were not examined on the hearing of the motion, but it was admitted by the solicitor in open court that

---

⬩For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

their evidence before the grand jury was the same as that of the witness Stanfill.

[3] It thus appears that the grand jury, in finding this indictment, acted solely upon what is known as hearsay testimony; the bill was found upon the testimony of what some one else told the witnesses who testified before them. That this was not legal evidence is too plain for argument, and needs no discussion here. The evidence on the motion, which was without conflict or dispute, clearly supports the second ground of the motion, and the court erred in overruling the motion.

The motion is here granted, the indictment quashed, and the defendant discharged from custody thereunder.

Reversed and rendered.