(101 So. 298)

## HILL v. STATE. (6 Div. 412.)

(Court of Appeals of Alabama. Aug. 19, 1924.)

**1. Criminal law ⬬265—Motion to quash indictment for lack of legal evidence before grand jury to be decided before accused required to plead.**

Motion of accused to quash an indictment because of lack of legal evidence before grand

jury, contrary to Code 1907, § 7297, presented an issue of fact, to be determined by trial court before accused could be required to plead.

**2. Indictment and information ⚙⇒140(2)— Burden of, establishing that indictment was founded on no legal evidence on accused.**

Where accused moved to quash an indictment, because not founded on legal evidence, as required by Code 1907, § 7297, burden was on accused.

**3. Indictment and information ⚙⇒140(2)—Testimony that witness, a former solicitor, never found an indictment without evidence, held inadmissible.**

On motion to quash indictment, testimony of one who was solicitor when indictment was found that he did not remember ever finding an indictment without evidence was inadmissible, as beyond the issues and having no tendency to show that the grand jury had evidence before it authorizing the indictment.

**4. Criminal law ⚙⇒1169(1)—Admission of improper testimony influencing issue whether indictment founded on legal evidence held reversible error.**

As the question whether the indictment was founded on legal evidence, presented by motion to quash the indictment, was one of fact for the court, overruling of defendant's objection to testimony of former solicitor that he never remembered finding and signing an indictment without evidence showed that court thought this evidence should influence the issue, and its admission was reversible error.

**5. Indictment and information ⚙⇒10—Notes or memorandum of testimony on former presentation of case to grand jury not legal evidence on which to found indictment.**

Notes or memorandum taken of testimony when a case was first presented to the grand jury are not testimony given by witnesses, nor legal documentary evidence, required by Code 1907, § 7297, to support an indictment on subsequent presentation to grand jury, and an indictment based thereon should be quashed.

**6. Criminal law ⚙⇒338(4, 5)—Admission of testimony that on raid other than that in question witness saw another man escape held error.**

Where state's witness had identified accused as the person seen at a still on the morning of a raid, admission of his testimony that on another occasion witness was engaged in a raid, when another man came to the still and escaped, *held* reversible error, as bringing in collateral issues, confusing jury, and tending to prejudice them.

**7. Intoxicating liquors ⚙⇒236(19)—Evidence showing preparation not sufficient to authorize conviction for manufacture.**

Evidence merely showing preparation and acts in furtherance of purpose to manufacture liquor is not sufficient to authorize conviction for manufacture.

**8. Intoxicating liquors ⚙⇒226—Testimony that accused was at still on day previous to raid, measuring whisky, held proper.**

In prosecution for manufacturing prohibited liquor, where testimony already offered did not particularize and individualize a single transaction constituting an offense, but showed only preparation, state might offer evidence of another transaction occurring on the previous day, and testimony that accused was at still on previous day measuring whisky was admissible.

Appeal from Circuit Court, Walker County; R. L. Blanton, Judge.

Ed Hill was convicted of manufacturing prohibited liquors, and he appeals. Reversed and remanded.

Ray & Cooner and J. B. Powell, all of Jasper, for appellant.

Evidence of distilling at another time than that charged is inadmissible. Childers v. State, 18 Ala. App. 396, 92 South. 512; Veal v. State, 19 Ala. App. 168, 95 South. 783; Code 1907, § 7297; Sparrenberger v. State, 53 Ala. 481, 25 Am. Rep. 643; Hart v. State, 117 Ala. 183, 23 South. 43; Walker v. State, 17 Ala. App. 555, 86 South. 257. Evidence by the witness Pennington as to what he did in other cases was inadmissible. No evidence being taken before the grand jury, the indictment should have been quashed. Lee v. State, 147 Ala. 135, 41 South. 677.

Harwell G. Davis, Atty. Gen., and Malcolm Nettles, of Jasper, for the State.

The conviction is sustained by the evidence. Stewart v. State, 18 Ala. App. 114, 90 South. 49; King v. State, 16 Ala. App. 103, 75 South. 692; Quinn v. State, 15 Ala. App. 635, 74 South. 743.

BRICKEN, P. J. The result of the trial in this case, to say the least, is anomalous. The indictment contained two counts, charging, in legal effect, identically the same offense, and covering the same time, and yet there were two verdicts returned to the jury; one finding the defendant guilty as charged in the first count, and the other finding him not guilty as charged in the second count.

[1, 2] Before pleading, the defendant made motion to quash the indictment, "because there was no legal evidence against the defendant in this case before the grand jury which found the indictment on which he is to be tried." This motion presented an issue of fact, to be determined by the trial court before the defendant could be required to plead, with the burden on the movant. Code 1907, § 7297; Allen v. State, 162 Ala. 74, 50 South. 279, 19 Ann. Cas. 867; Hart v. State, 117 Ala. 183, 23 South. 43; Walker v. State, 17 Ala. App. 555, 86 South. 257; Smith v. State, 13 Ala. App. 399, 69 South. 402.

---

[3, 4] In undertaking to shoulder this burden, the defendant offered C. L. Burton, the foreman of the grand jury that returned the indictment against the defendant, and his testimony tended to show that no witnesses were examined before the grand jury when this indictment was found. The state then offered J. M. Pennington, who testified:

"I remember two charges against Ed Hill for distilling, he and his brothers. I remember of an indictment being found against him by the grand jury, and demurrers sustained to it, and a new indictment was afterwards found against him for the same offense. *We had evidence before the grand jury on the second indictment.*"

The witness was then asked by the solicitor:

"Mr. Pennington, state to the court whether or not you, as solicitor, ever found an indictment and signed your name as solicitor when you didn't have evidence before the grand jury."

The court, over an appropriate and timely objection, followed by a motion to exclude the answer, permitted the witness to say, "Not that I remember of," and overruled defendant's motion to exclude this answer. The mere statement of the question is sufficient to show that the court in this ruling committed error. This question extended the inquiry beyond the issues, and the evidence elicited has no tendency to show that the grand jury had evidence before it authorizing the indictment of the defendant in this case. The question being one of fact, to be determined by the court, the ruling of the court on the defendant's objection and motion shows that the court was of opinion that this evidence should influence the issue, and hence its admission is error to reverse. Bowdon Lime Works v. Moss, 14 Ala. App. 433, 70 South. 292.

[5] While it is not made clear, the testimony of the witness, former solicitor Pennington, has some tendency to show that the "evidence" referred to by him on his direct examination was the notes and memorandum taken of the testimony when the case was first presented to the grand jury. If this is true, the indictment should be quashed, as such notes or memorandum cannot be said to be "testimony given by witnesses," nor was it "legal documentary evidence," required by the statute. Code 1907, § 7297; Allen v. State, 162 Ala. 74, 50 South. 279, 19 Ann. Cas. 867.

[6] On the trial, under the plea of not guilty, the state offered evidence tending to show that in March, 1919, the officers located a still "near defendant's place," and lay in wait; that about daylight a man, identified by the state's witnesses as the defendant, was seen to approach, gather wood, go to the still, and start a fire under the still. At this juncture the officers made an effort to arrest the party so engaged, but he eluded them and made his escape. The state also offered evidence to the effect that on the day previous the defendant was seen at this same still, measuring liquor.

The evidence offered by defendant tended to show that he was not present on the occasion testified to by any of the witnesses, and had nothing to do with the still. After the state's witness Bates had positively identified the defendant as the person at the still on the morning of the raid, and had been cross-examined without any reference to any other raid engaged in by the witness, the court, over the objection of the defendant, allowed the solicitor, on redirect examination, to show that on another occasion the witness engaged in a raid when an "other man" came to the still at dawn and ran across the hill towards Monroe Hill's house. This evidence projected into the case a collateral issue, that had a tendency to confuse the jury and draw their minds away from the issue in the case, and also tended to prejudice the jury against the defendant, and its admission was reversible error. Veal v. State, 19 Ala. App. 168, 95 South. 783.

If it should be conceded that the statement of the defendant (if he made such statement) to the witness Clyde Hill, on the day of the alleged raid, that he (defendant) lost his pistol at a still, is an inculpatory admission that requires a predicate showing that it was voluntary, this ground of objection was not assigned to the question eliciting this testimony, and the objections stated were without merit.

[7] As conceded by the Attorney General in brief, the evidence offered by the state previous to the examination of the witness Clyde Hill was not sufficient to authorize a conviction for manufacturing liquor; at most, it merely shows preparation, and acts in furtherance of a purpose to manufacture or distill liquor.

[8] Treating the indictment as charging but a single offense, the testimony offered by the state, preceding the testimony of Clyde Hill, did not "particularize and individualize a single transaction as constituting an offense within the indictment" (Untreinor v. State, 146 Ala. 133, 41 South. 170; Elam v. State, 26 Ala. 48), so as to preclude the state from offering evidence of another transaction occurring on the previous day at the same still. Therefore the testimony of the witness Clyde Hill that the defendant was at this same still on the day previous, measuring whisky, was permissible as tending to show the defendant was guilty of manufacturing liquor. This view is not in conflict with our cases holding that the mere presence of a person at a still is not evidence of his guilt of manufacturing whisky. Here the evidence goes further, and shows that the defendant was engaged in measuring whisky that had been manufactured by somebody,

and authorized the jury to find that defendant was the guilty person.

The evidence tended to show a single violation of the statute under which the indictment is framed. Other questions are presented, but we deem what has been said a sufficient guide for another trial. For the errors pointed out, the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.