(114 So. 791)

## GORE v. STATE.　(6 Div. 3.)

Court of Appeals of Alabama.　May 24, 1927.

Rehearing Denied June 21, 1927.

Black & Fort and G. Ernest Jones, both of Birmingham, for appellant.

138

Charlie C. McCall, Atty. Gen., and W. M. Rayburn, Asst. Atty. Gen., for the State.

SAMFORD, J. The defendant moved to quash the indictment in this case, setting forth various grounds, only two grounds of which it is necessary for us to consider, these being: (1) Not sufficient evidence; (2) no legal evidence to authorize the finding of an indictment.

On the hearing of this motion by the court, the defendant sought to introduce in evidence the transcribed notes of the stenographer who took and transcribed the testimony of the witnesses who testified before the grand jury in this case, and, failing in that, offered to prove by the stenographer, from his recollection, what these witnesses testified to. As to the first ground, we have but to say that the court may not inquire into the sufficiency of the evidence upon which an indictment is predicated. Walker v. State, 17 Ala. App. 555, 86 So. 257; Sparrenberger v. State, 53 Ala. 481, 25 Am. Rep. 643; Agee v. State, 117 Ala. 169, 23 So. 486.

The second ground of the motion to quash presents a different question. By that ground it is alleged that, although witnesses were examined by the grand jury, they gave no legal testimony tending to connect the defendant with the commission of any crime charged in the indictment. If this be true and proven to the court, and the grand jury in disregard of their oaths and duty returned an indictment into court, without any evidence to sustain it, the paper purporting to be an indictment is not such in fact, and while the proceedings are in fieri the court has the inherent power to strike from its files any paper which has been wrongfully, without the warrant of law, introduced into them. Sparrenberger v. State, 53 Ala. 481, 25 Am. Rep. 643; Owens v. State, 19 Ala. App. 621, 99 So. 774. Upon a similar question, Brickell, C. J., in Sparrenberger's Case, supra, adopted the language used in U. S. v. Coolidge, Fed. Cas. No. 14858: "The grand jury is the great inquest between the government and the citizen. It is of the highest importance that this institution be preserved in its purity, and that no citizen be tried until he has been regularly accused by the proper tribunal"—and we may add upon legal evidence. The inquiry the motion involves is not triable by a jury, but brings the proceedings of the grand jury before the presiding judge, who has general supervision over all the processes of the court over which he presides, to see that persons charged with crime are proceeded against according to law.

Under ground No. 2, the defendant has the burden of proving that there was no legal evidence upon which the grand jury returning the indictment might base its return. For this purpose it has been held and has been the practice recognized by this court and the Supreme Court to permit the examination of grand jurors and witnesses testifying before the grand jury in the inquiry. Walker v. State, 17 Ala. App. 555, 86 So. 257; Hart v. State, 117 Ala. 183, 23 So. 43; Allen v. State, 162 Ala. 74, 50 So. 279, 19 Ann. Cas. 867; Smith v. State, 13 Ala. App. 399, 69 So. 402.

The remaining question to be determined upon this inquiry is: Can the proof necessary to support the defendant's allegation of "no evidence" be proven by the solicitor's stenographer, who was present in the grand jury room during the investigation and took down in shorthand the testimony of the witnesses examined by the grand jury in this investigation. And if so, may this be done by introducing the transcribed notes of the solicitor's stenographer.

The solicitor's stenographer for Jefferson circuit court is provided for by an act of the Legislature of 1923, approved August 22, 1923 (Acts 1923, p. 200). There is no provision in that act that the stenographer therein provided acts in any official capacity, or that his notes when transcribed shall be official or a part of the court records. He is to all intents and purposes the secretary of the solicitor, to make and keep memorandums and reports of proceedings to aid the solicitor in the prosecution of cases. In this they differ from the official reports of court stenographers provided under section 6734 of the Code of 1923 and similar statutes under consideration in such cases as Todd v. State, 13 Ala. App. 301, 69 So. 325. For obvious reasons we hold that these transcribed notes cannot be called for by a defendant and, upon delivery, be by him introduced in evidence. The defendant was not in possession of this transcribed evidence and was not in position to offer it.

Having been present and heard the testimony before the grand jury, this witness should have been allowed to testify whether or not the grand jury examined witnesses in the investigation of this particular case, and if the witnesses testified as to the commission of the crime and defendant's connection with it. For this purpose he

could use notes taken at the time to refresh his recollection. But the inquiry may not extend to a test of the sufficiency of the evidence upon which the grand jury acted in returning the indictment. If there was no evidence before the grand jury to establish the corpus delicti, or if there was no evidence connecting the defendant with the commission of the homicide, although witnesses had been summoned and examined, the indictment should be quashed. But if there was any evidence of these facts, the responsibility is with the grand jury, and its finding must stand. The grand jury receives evidence from documents and from witnesses. In this case there were no documents. Were witnesses examined touching this crime? Did they testify to any fact or facts tending to prove a homicide? What was it, or what were they? Was there any fact or facts testified to tending to connect the defendant with the commission of the homicide? What were they? This is the end of the inquiry. Public policy will not permit the breaking down the necessary secrecy of a grand jury investigation, nor will it permit a review of its findings by and through the technical rules of evidence. The proceedings of a grand jury are largely informal and free from technicalities in the obtaining of information. They must be kept so.

■ The deceased (Mrs. Bessie Lawson) came to her death about 8 o'clock p. m. July 25, 1925. As to the immediate cause of her death there is much uncertainty. There is testimony from which legal inferences may be drawn that she died as a result of having been run over by an automobile propelled against, or over her, by the defendant and under such circumstances as would constitute crime, and there were other facts leaving a doubt as to how the homicide was committed. Under these circumstances, the grand jury were authorized to allege that the means of death were unknown. Code 1923, § 4539.

■ There was evidence which might have afforded an inference that this defendant ran his automobile over the deceased while she was alive and lying prostrate near the curb of a paved street in the city of Birmingham. The evidence tends to show that she was not parallel with the curb, but almost at right angles there with her feet towards the curb. With nothing to obstruct the view of defendant with the headlights to his car burning brightly, and his car moving at a slow speed (at from five to six miles per hour), did he see the deceased lying there in time to prevent running over her? These were questions for the jury, and it was within their province to have found a higher degree of homicide; the fact that they found that the killing was without malice and unintentional would not entitle defendant to the affirmative charge as to manslaughter in the second degree.

■ This court, speaking through Bricken, P. J., after defining and citing authorities as to what constitutes manslaughter in the second degree, announces this rule, which we again hold to be the law:

"When death is produced by an intentional blow, but without malice or the intention to kill, if the blow was wrongful, this would be manslaughter in the second degree." Sawyer v. State, 20 Ala. App. 504, 103 So. 309.

So, in this case, if the defendant wrongfully ran his automobile over deceased though without malice or intention to kill, although a verdict of a felonious killing might be warranted, a verdict of manslaughter in the second degree will not be disturbed.

■ There are some 14 pages of the transcript devoted to a line of inquiry undertaking to prove the relations of defendant and deceased prior to the homicide and exceptions thereto. To treat these various exceptions seriatim would unduly extend the opinion, and we think it unnecessary, in view of the fact that the verdict of the jury eliminated all of the higher degrees of homicide, in the trial of which evidence tending to prove motive is relevant. If, upon another trial, defendant avails himself of the plea of former acquittal as to the higher degrees of homicide, the issues will be confined to the charge of involuntary manslaughter, in which the question of motive is not involved.

■ The evidence for defendant tends to prove that Mrs. Lawson came to her death at the hands of some person other than the defendant; that he offered no violence to her person, did not strike her with his automobile; that when he came up and found deceased she had already been run over and injured by some one else; and that these injuries were of such nature that she was already dead or that she died from them before he arrived at the hospital to which he carried her. If this evidence was believed or if it was sufficient to create reasonable doubt, then defendant under the evidence would be guiltless. As we understand it, that is what the court was requested to charge in refused written charge 98. The refusal of this charge was error.

The many other refused charges are either faulty or were covered in the court's oral charge, and the many questions arising on the evidence will probably not arise on another trial.

For the errors pointed out, the judgment is reversed and the cause is remanded.

Reversed and remanded.