(115 So. 771)

MURPHY. v. STATE. (8 Div. 635.)

Court of Appeals of Alabama. March 13, 1928.

James C. Roberts, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J. The state's witnesses testify to having found a still at which this defendant and his brother were present and doing certain acts tending to prove ownership. It was also in evidence that there were five barrels and a box there, and there was evidence that the still had been recently used. How long before does not appear. So that we may say the evidence tends to prove a still of some kind or character in Lauderdale county; that this still had at some time recently before the officers found it been used; that the defendant and his brother came down to the still and began making preparation to use the still again. The testimony affirmatively shows that there was no prohibited distilled liquor there, and the evidence fails to show, if it was a fact, that the so-called "beer" contained alcohol. There was no evidence that this still had been, was about to be, or was suitable to be used in the manufacture of prohibited liquors or beverages. For aught appearing in this record, the still might have been designed and used for the distillation of turpentine or other products requiring distillation.

The law is perfectly plain. It is the manufacture of spirituous, vinous, or malt liquors or beverages, a part of which is alcohol, and the possession of any still, apparatus, appliance, or any device or substitute therefor to be used for the purpose of manufacturing prohibited liquors or beverages, that is condemned by sections 4627 and 4656 of the Code of 1923. There is no evidence in this record that any prohibited liquor had ever been manufactured or made at the place where the still was found. There is no evidence that the still was, or was to be, used in the manufacture of prohibited liquors, and even admitting that there was sufficient evidence to connect the defendant with the possession of the still at the time fixed by the officers, there is no evidence that this defendant made or manufactured any of the prohibited liquors named in the statute. In these prosecutions for violation of the prohibition statutes, the rules are the same as in any other criminal case. The courts cannot leave the realm of proven facts for that of speculation and suspicion. The corpus delicti must be proven as in other criminal cases and beyond a reasonable doubt, and the defendant's guilty agency must also be proven. Any other procedure would result in chaos and uncertainty, and this court by its many rulings and decisions has refused to yield to any laxness in the orderly trial of cases of this character.

The enforcement of all criminal law is important, but the maintenance of the rights of the citizen that he be tried with due regard to his constitutional and legal rights is absolutely essential to the maintenance of our government, which is one of "law and not of men." Wilson v. State, 20 Ala. App. 62, 100 So. 914; Id., 211 Ala. 574, 100 So. 917; Hill v. State, 20 Ala. App. 197, 101 So. 298; Moon v. State, 19 Ala. App. 176, 95 So. 830, authorities collated 19 Ala. App. at page 713; Criminal Law, ⊚561(1).

On the evidence as disclosed in this record, the defendant was entitled to the general charge on both counts of the indictment.

Other questions presented will probably not arise on another trial.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.