# Blevins *v.* The State.

## *Murder.*

1. *Jury in capital cases; duty of court in summoning.*—It is the province of the court, under section 4874 of the Code of 1876, to determine the number of persons to be summoned, in addition to the regular panel. This power is limited; not less than fifty, nor more than one hundred persons, including the regular panel, may be summoned.   Within this limit the court may, at its discretion, order the summoning of any number which will answer the purposes of a fair administration of justice. It is not the right of the defendant to require that any particular number should be summoned.

2. *Grand jury, original venire ; presumptions in support of judgment.*—Where it was not shown by the record that one of the original *venire* was present or absent on the day of the term when the grand jury was empanneled, or why, if present, he was not of the jury,—*Held*, that all reasonable presumptions must be indulged to support the judgment of the court below, and it is fair to presume that he was excused, or found not to possess the requisite qualifications.   *Held further*, that in either event, the jury not being reduced to a number less than fifteen, there could be no summoning of additional persons from whom to select a juror.

3. *Same ; presence of attorney at request of solicitor before.*—The practice of an attorney appearing at the request of the solicitor before the grand jury, while they are investigating an accusation, to aid them in their deliberations, condemned by the court.

4. *Same, same ; error without injury.*—But where the record affirmatively shows that the defendant has not been prejudiced by such appearance, this is error without injury, and an indictment so found should not be quashed therefor.

APPEAL from Selma City Court.

Tried before Hon. JON. HARALSON.

This was an indictment for murder.   When the case was called for the purpose of setting a day for the trial thereof, and summoning a jury for the same, the defendant moved to quash the indictment, on the following grounds:   1st. That one Thomas W. Clark, at the request of the solicitor, went into the grand jury room   while the accusation against defendant was being investigated ; remained with the jury during such investigation, and to the time when the jury voted the finding of the indictment, and took part in the investigation, and performed the part of an attorney in such investigation.   This is the substance of the three grounds of the motion to quash.   The motion was overruled by the court, and defendant excepted.   The defendant then filed two pleas in abatement, setting up, in substance, the grounds relied on

in the motion to quash.  To these pleas the State filed replications, in which it was admitted that Clark, by request of the solicitor, had been present during the investigation of the grand jury ; that he assisted in the examination of witnesses, but that he gave the jury no counsel or advice about the matter.  Upon this issue a jury was empanneled.  It appears, from the evidence, that Clark went into the grand jury room at the request of the solicitor, for the purpose of making a memoranda of the testimony of the witnesses examined ; that he was present when the accusation against the defendant came up ; that Clark held in his hand the testimony taken on a preliminary investigation ; that the witnesses were examined by the solicitor, at the request of the jury ; that during the examination Clark asked the witness one question about the testimony he held in his hand ; that Clark went into the jury room without the judge being consulted thereon, and without the request of the jury, but that his presence there was not objected to by the jury.  Neither the solicitor or Clark was present, when the jury consulted and voted on the case, and did not know when they deliberated on it, nor did either express any opinion on the case or comment on the evidence before the grand jury.  Upon this evidence, the court charged the jury, that if they believed the evidence on the pleas beyond a reasonable doubt, they would find for the State.  Defendant excepted to the giving of this charge, and the jury found the issues for the State.  The court then ordered the defendant to be arraigned, and required him to plead to the indictment.  Defendant excepted to this action of the court.  He was then arraigned, and pleaded " not guilty."  The defendant moved the court to order the resummoning of one hundred persons, including the regular panel, from whom to select a jury to try the cause, but the court refused the motion, and ordered the summoning of fifty persons, including the regular panel.  To this action of the court, defendant excepted.  It does not appear whether one Shelby, summoned as a grand juror in the original *venire*, was present or not on the day of the term when the grand jury was organized.  The jury, however, was at no time reduced to less than fifteen.

REED & MAY, for appellant.

Attorney-General TOMPKINS, for the State.

BRICKELL, C. J.—1. It was the province of the court, under the statute (Code of 1876, § 4874), to determine the number of persons who should be summoned in addition to

the jurors regularly summoned, from whom a jury would be selected for the trial of the appellant. The power of the court is limited—not less than fifty, nor more than one hundred persons, including the regular jurors, may be ordered to be summoned. Within this limit, it is in the discretion of the court to order the summoning of any number which will answer the purposes of a fair administration of justice. *Williams v. State*, 48 Ala. 85. It is not the right of the defendant to require that any particular number should be ordered.

2. It is not shown by the record whether Shelby, one of the original *venire*, was present or absent on the day of the term when the grand jury was organized : or why, if present, he was not of the jury. All reasonable presumptions must be indulged to support the judgment of the court below, and it is fair to .presume that he was excused, or was found not to possess the requisite qualifications on examination by the court before the jury was organized. In either event, the jury not being reduced to a less number than fifteen, there could be no summoning of additional persons from whom to select a jury.—Code of 1876, §§ 4754–4760.

3. An attorney of the court, at the request of the solicitor, attended the grand jury, while they were investigating the accusation against the appellant, without the permission of the court, and without having been sworn. His only participation in the proceedings before the jury was to examine the witnesses, or rather aid in their examination. Upon this ground, the appellant moved to quash the indictment, and also pleaded the facts in abatement of it. One of the duties the statute imposes on the solicitor is, " to attend on the grand juries, advise them in relation to matters of law, and examine and swear witnesses before that body."—Code of 1876, § 772. He is forbidden, however, to be present when the jury are expressing their opinions or giving their votes. Code of 1876, § 4775. It is the policy of the law, that the preliminary inquiry as to the guilt or innocence of persons charged with offenses against the criminal law, should be conducted in secrecy. It is in pursuit of this policy that the jurors are each sworn, "the State's counsel, your fellows, and your own, you shall keep secret." Many are the reasons assigned for this secrecy, so variant from the publicity which must generally attend judicial proceedings. One is, that if the proceedings were public, parties charged before the jury would be informed, and afforded the opportunity to escape before the deliberations of the jury were complete, and process for their arrest could be issued. Another reason is, that there shall be the largest freedom of discussion and de-

[Blevins v. The State.]

liberation by the jury, which could not well be secured, if the proceedings were not secret, and all disclosure of the counsels of the jury prohibited. It is the protection of the jury in the freedom of discussion and ·deliberation, the statute contemplates in excluding the presence of the solicitor, though a sworn public officer, while they are giving expression to their opinions, or casting their votes. It is not consistent with the theory of the proceedings and privileges of the grand jury, that one bearing no official relation, bound by no oath, should, on the request, or merely by the authority of the solicitor, be permitted to appear before them. The office of solicitor is a public trust, and its duties are incapable of delegation; and that the person introduced into the grand jury room is styled his deputy, or his clerk, cannot cure the wrong of the introduction. Ii it did not appear affirmatively that Clark did no more than examine witnesses—if it appeared that he counseled the finding of the bill against the appellant, or expressed any opinion favorable to its finding, we should be inclined to the opinion the motion to quash the indictment ought to have prevailed.—*State v. Addison*, 2 So. Car. (new series) 356. But it appearing that he gave the jury no counsel, expressed to them no opinion unfavorable to the appellant, did no act affecting their deliberations, the appellant has suffered no injury from his presence in the jury room, and has no greater reason to complain of it, than any other citizen. It is not doubted that the solicitor was actuated only by pure motives, and considerations of promoting the administration of justice, in procuring the aid and assistance of Clark. But it would be an evil precedent, which could be employed to destroy the freedom of the deliberations and the secrecy of the proceedings of the grand jury, if we were to pronounce that he could delegate the duty of attending the jury, which the law confers on him because he is a sworn public officer.

We find no error in the record, and the judgment must be affirmed.