### KING v. STATE. (1 Div. 228.)

(Supreme Court of Alabama. June 15, 1922. Rehearing Denied Oct. 12, 1922.)

1. **Grand jury ⊜═34—Motion to quash on ground that special prosecutor improperly appeared before grand jury held properly overruled.**

A motion to quash on the ground that the special prosecutor improperly appeared before the grand jury, insisted upon the indictment of defendant, and examined witnesses during the grand jury's investigation of the crime, is properly overruled where the only occasion upon which the prosecutor was before the grand jury was in response to his being called as a witness, and he was not before the grand jury at any time when they were determining whether an indictment should be preferred.

2. **Grand jury ⊜═34—Motion to quash on ground that special prosecutor was present at informal meeting of grand jury, and urged indictment of defendant, held properly overruled.**

A motion to quash on the ground that the special prosecutor was present at an informal meeting of the members of the grand jury, and asserted defendant's guilt, urged his indictment, and examined a witness who also was in custody, and accused of participation in the crime, was properly overruled where they were based upon conduct and circumstances occurring when members of the grand jury were present along with other persons unrelated to the grand jury or court, and where the witness referred to was not examined, and refused to make any statement, in view of Code, §§ 7284, 7285, prescribing the oaths to be administered to the grand jury.

3. **Criminal law ⊜═368(3), 543(1)—Admission of guilt by another at preliminary examination held inadmissible, and not res gestæ.**

In a prosecution for homicide, declarations of guilt by another alleged to have been made under his oath at preliminary examination were inadmissible where such person was not examined at the trial, and his inaccessibility was not shown, and the declaration that such person had just shot a man was not within the range of res gestæ.

4. **Witnesses ⊜═331½—Evidence as to what a mob did to one witness not admissible to show inducement to testify falsely.**

Evidence as to what a mob may have done or threatened to do to one witness only could not be any evidence that other witnesses were induced by that act or such menace to testify falsely; hence such evidence was properly excluded.

5. **Witnesses ⊜═331½—Evidence of outrage to witness admissible where act was designed to affect his testimony.**

Evidence that a witness had been outraged was admissible provided the act or treatment was designed to control or affect his subsequently delivered testimony.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

Freeman King was convicted of murder in the first degree, and he appeals. Affirmed.

Joe M. Pelham, Jr., of Chatom, for appellant.

The motion to quash the indictment, on the ground that private counsel appeared before the grand jury and urged the finding of the indictment against defendant, should have been granted. 68 Ala. 92; 70 Miss. 595, 13 South. 225, 35 Am. St. Rep. 664; 53 South. 783; 104 Miss. 602, 61 South. 689, 45 L. R. A. (N. S.) 599; 20 Cyc. 1340. It is always a competent defense that another person committed the crime of which defendant stands accused, and evidence that another person committed the crime is admissible for the defense. 165 Ala. 85, 51 South. 629; 120 Ala. 342, 25 South. 182; 16 C. J. 757; 129 Ala. 41, 29 South. 929.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

McCLELLAN, J. The appellant was adjudged guilty of murder in the first degree, and imprisonment for life imposed. The victim was Isham Tillman. That Tillman came to his death through unlawful means was established. Who was or were the guilty agent or agents was the contested question. There was evidence directed to showing that appellant shot Tillman. The appellant protested his innocence. The issue of his guilt was for the jury to decide.

The appellant moved to quash the indictment upon the grounds: (a) That counsel specially employed to prosecute the person or persons who killed Tillman, or who were suspected of the crime, appeared improperly "before the grand jury," insisted upon the indictment of appellant, and examined a witness or witnesses during the grand jury's in-

─────────

⊜═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

vestigation of the crime; or (b) that such special counsel was present with practically all of the members of the grand jury at an informal meeting of members of the grand jury, and there asserted appellant's guilt, urged his indictment, and examined one Coleman, who also was in custody, accused of participation in the crime, urging Coleman to tell what he knew of the crime, and stating that he would have Coleman tried before this appellant was tried. The court, after hearing on the evidence, overruled the motion. After hearing on the same evidence by a jury, the court affirmatively instructed the jury to find against the plea in abatement of the indictment.

[1] It was indisputably shown that the only occasion or occasions upon which the special counsel mentioned in the motion and plea was before the grand jury in its organized capacity was in response to his being called as a witness, not an attorney, and that he was not "before the grand jury" at any time when that organized body was determining whether an indictment, any indictment, should be preferred. The first ground was conclusively disproved.

[2] The second ground was based upon conduct and circumstances occurring when, at best, members of the grand jury were present, along with other persons unrelated to the grand jury or to the court. Coleman, then in custody, was not examined on that occasion. He refused to make any statement. The solicitor advised him of his right in that regard; and he stated that his counsel had advised him to like effect. No wrong to appellant, no offense to any right of his at that stage, nor any impropriety in the premises could result from the information—assertion—to a member or members of the grand jury not in session that any person or persons was or were guilty of a crime, and should be indicted. The oath administered to grand jurors (Code, §§ 7284, 7285) required them to make true presentment of all indictable offenses that, among others, are "brought" to their "knowledge." It is not to be supposed that information so given members of the grand jury or assertions of guilt so communicated to members of the grand jury would disqualify them or reflect upon their discharge of their oath-bound duty in the premises. Hall v. State, 134 Ala. 90, 112, 114, 32 South. 750. The evidence made no case within the condemnation summarily stated in the third headnote to Blevins v. State, 68 Ala. 92, 95.

[3] The appellant sought to contribute to the reputation of the prosecution's theory of his guilt by offering declarations or admissions of Frank Coleman, said to have been made under his oath on preliminary examination, that, in effect, he shot Tillman. Coleman does not appear to have been examined on the trial. His inaccessibility as a witness was not shown. Had he been examined, different considerations might have entered into the inquiry. Smith v. State, 9 Ala. 990, 995. The court excluded all such matter, and in so doing observed the rule of McDonald v. State, 165 Ala. 85, 90, 51 South. 629, and cases therein cited. The fact that the other person, making culpable declaration or confession did so under oath as a witness upon preliminary investigation of the crime does not take the matter out of the influence of the rule of the McDonald and other cases; the pith of the doctrine being that such declarations or confessions are hearsay. Snow v. State, 58 Ala. 372, 375, where striking illustrations of the operation of a contrary view are recited. The sanction of an oath would not change the character of the matter, though, of course, it would serve to import a quality of verity or credibility.

The declaration by Coleman, with rifle in hand, that he had just shot a man, did not bring his statement within the range of res gestæ of the act of killing Tillman. The court did not err in its action on either the motion to quash or the plea in abatement.

[4, 5] What a "mob" may or may not have done or threatened to do to Jason Johnson only could not be any evidence that other persons were induced by that act or such menace to testify falsely. The court properly excluded such testimony by the witness Du Bose. Likewise as to the witness Harris, who denied having been taken out by a party of men. To impeach him through his contradictory admission elsewhere that he had been "taken out" by a party of men would have introduced immaterial matter as the basis of impeachment. Of course the fact (if so) that he had been so outraged would have been admissible provided the act or treatment was designed to control or effect his subsequently delivered testimony.

No error appearing, the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.