140 So. 585

## PETTY v. STATE.
### 7 Div. 65.

Supreme Court of Alabama.

March 10, 1932.

Rehearing Denied March 31, 1932.

Haralson & Son, J. A. Johnson, C. A. Wolfes, and J. D. Pope, all of Ft. Payne, for appellant.

452

Thos. E. Knight, Jr., Atty. Gen., and Thos. Seay Lawson, Asst. Atty. Gen., for the State.

**ANDERSON, C. J.**

Section 8665 of the Code of 1923 provides for grand juries, and for counties having less than fifty thousand population there must be not less than two grand juries for each year, and, when they have completed their labors, in its discretion the court may permit them to take a recess subject to the call of the judge of the circuit, or of the Chief Justice. As the court is given a discretion in the matter, this means that the court can recess the grand jury subject to a future call during the existing term or may adjourn or discharge them for the term. There seems to be some confusion in writing the minutes as to whether the existing grand jury was adjourned or discharged, and it is settled that, when a grand jury is organized, it is presumed to continue until the half yearly ending of the term, unless discharged by an order of the court. Caldwell v. State, 203 Ala. 412, 84 So. 272; Riley v. State, 209 Ala. 505, 96 So. 599. Here, conceding that it is doubtful whether the order made discharged or recessed the grand jury, yet, when the trial judge ordered a special call or session of the court and a special grand jury for same, this, in legal effect, operated, ipso facto, to discharge the old or existing grand jury.

The trial court could have well sustained appropriate demurrers to the defendant's special pleas 1 to 9 inclusive, but, as this was not done, and as they were not proven, properly gave the general charge in favor of the State on this issue. The pleas, among other things, charge the illegality of the indictment or the illegality of the grand jury for the reasons therein set out, and, as a matter of fact, the things therein set out did not render the special grand jury or the indictment illegal, and the trial court was justified, as matter of law, in giving the general charge for the state as to the pleas in abatement.

True, section 8644 of the Code of 1923 provides that, when a person stands indicted for a capital felony, the court must on the first day of the term, or as soon as practicable thereafter, make an order for summoning a special venire, but the court is given a discretion as to when it is practicable, and, in this instance, the defendant got the benefit of a special venire upon the trial of the main case on its merits. But it is insisted that he was entitled to have the issues on his pleas in abatement also tried by the special venire. There may be force in this contention, but, as we view this case, the defendant was not thereby injured, for the reason that, had the

issue been before the special venire, or the one which was selected to try same, the trial court could have given the general charge for the state. In other words, if, as matter of law, the pleas were not established, then no jury question was involved.

■■ The competency of witnesses of tender years rests largely in the discretion of the trial court. Puckett v. State, 213 Ala. 383, 105 So. 211. While the child here was only six years of age, this, of itself, did not render her incompetent as a witness. Bone v. State, 8 Ala. App. 59, 62 So. 455; McGuff v. State, 88 Ala. 147, 7 So. 35, 16 Am. St. Rep. 25. The answers of the witness on the voir dire seem to come up to the standard heretofore approved. Walker v. State, 134 Ala. 86, 32 So. 703.

As to the failure of the trial court to grant a change of venue, we do not think the evidence in support of same or the existing facts and circumstances were such as to put the trial court in error for overruling the motion.

While we have discussed only the questions argued in brief of counsel, we have not overlooked the statute requiring a consideration of the entire record, and have found no reversible error.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.

On Rehearing.

ANDERSON, C. J.

■ Counsel, upon application for rehearing, stress for error the refusal of defendant's charge J. 26, which said charge was not specially treated in the opinion. It is sufficient to say that said charge was substantially covered by given charges 49 J. and 50 J.

The rehearing is denied.