314 So.2d 313

**James Curtis STEWARD**

**v.**

**STATE.**

**2 Div. 128.**

Court of Criminal Appeals of Alabama.

Feb. 18, 1975.

Rehearing Denied March 18, 1975.

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant was convicted of manslaughter in the second degree and sentenced to imprisonment for six months at hard labor for the county.

It appears that all or most of the persons involved in this case had witnessed a ball game at Marion on July 4, 1972, and after leaving the game were proceeding along Highway 5 in a northerly direction toward Brent.

There had been a rain and the highway was wet at a place where the collision, the basis of this case, occurred. Mr. H. C. Koster and Clyde Foster were driving two of the cars in the same direction along the highway, with H. C. Koster in the lead car

Orzell Billingsley, Jr., Birmingham, for appellant.

and Clyde Foster driving the one in the rear. Both appeared to be running between 50 and 60 miles an hour along the right hand side of the road. It further appears from the record that two cars going in the same northerly direction passed the Foster and Koster cars at a speed of approximately 70 or 75 miles an hour. Shortly thereafter a car driven by James Curtis Steward with three other occupants, which was proceeding in the same direction towards Brent, attempted to pass the Foster and Koster cars and in attempting to do so collided with a car driven by Wesley Brooks, which was proceeding in the opposite direction. The collision seems to have been somewhat of a head-on collision and as the result thereof Wesley Brooks was killed.

It is the State's contention that the appellant was driving at a high rate of speed. One witness, a State Trooper, testified that Steward was driving approximately 75 miles an hour when he endeavored to pass the two cars when he collided with an oncoming car driven by Brooks in a head-on collision.

The appellant's contention is that he did attempt to pass the two cars and had gotten even with the second car when he saw the approaching car driven by Brooks and that he attempted to pull in between the two cars, that the Foster car speeded up and prevented him from pulling completely back on his side of the road between the two cars. He further contends that the Foster car struck the back of his automobile, as he was trying to pull to his right, knocking it in the path of the oncoming Brooks car and causing the collision resulting in the death of Brooks. Appellant denies driving at an excessive rate of speed but insists that he was driving somewhere between 50 and 60 miles an hour when he approached the two cars from the rear and speeded up slightly to pass.

It further appears from the record that the highway was straight for approximately a mile in the vicinity of the wreck and that there was nothing to impede the visibility of the driver at this point.

Before entering upon the trial, appellant filed a motion requesting the court to require the State to produce the grand jury minutes and testimony taken in the cause; all of the objects, documents, and items in the possession of the State involved in the case; the names and addresses of the witnesses having knowledge of the case; and any favorable evidence to the appellant that the State might have in its possession.

After hearing testimony on the motion, it was overruled by the court and the appellant relies principally on this action of the court for error.

His argument in brief is devoted entirely to this matter and he relies heavily on many Federal cases set out therein.

The right to examine the grand jury testimony has been settled in the Alabama Courts, where it has been held a motion to require the State to produce testimony presented to the grand jury which returned an indictment was properly denied where the testimony was not preserved in writing and was not available. Sparks v. State, 46 Ala.App. 357, 242 So.2d 403.

■■ There is no law requiring the recording of testimony before a grand jury in Alabama. The long time rule, sanctioned by our courts, is that the proceedings before a grand jury are essentially secret. This matter is thoroughly elucidated in the recent case of State ex rel. Baxley v. Strawbridge, 52 Ala.App. 685, 296 So.2d 779, in an opinion by Presiding Judge Cates of this court.

■ No transcription or other record of the grand jury proceedings was kept in the instant case.

■ With regard to the other grounds of the motion above set out, it appears that the appellant's attorney had access to the names of the witnesses, and other matter held by the State and the appellant has

failed to offer proof supporting these grounds.

This motion was, therefore, properly overruled by the court.

During the trial testimony was elicited that the appellant had pled guilty to reckless driving in a case arising out of the facts in the case at hand, and his counsel contends in the trial court that this plea was a bar to the trial of the instant case. Insofar as the record shows no plea to this effect was filed and the matter was only brought up after the conclusion of the State's testimony.

■ All pleas in criminal cases, except pleas of guilty, not guilty and not guilty by reason of insanity must be in writing and filed with the clerk of the court. Only pleas of guilty, not guilty, or not guilty by reason of insanity, may be pleaded either orally or in writing. Thomas v. State, 255 Ala. 632, 53 So.2d 340.

■ The general rule is that a plea of former jeopardy should be filed before, or simultaneously with, a plea of not guilty and a failure to file such a plea at that time is a waiver. Gandy v. State, 42 Ala.App. 215, 159 So.2d 71.

■ Former jeopardy must be raised by special plea and is never covered by a plea of not guilty. Anthony v. State, 49 Ala. App. 462, 273 So.2d 222.

■ While the court has some discretion to modify this rule, this exception does not apply in the case at hand. However, it is to be noted that the record shows that on the date of arraignment at which time appellant's plea of not guilty was entered, he was allowed to file any other special pleas in five days. This was not done.

Appellant raises the question as to whether the testimony presented in this case will support the verdict returned by the jury of manslaughter in the second degree. A motion to exclude, based on this contention, was overruled by the court.

■ Manslaughter in the second degree is defined as "the unlawful killing of another human being, without malice and without intent to kill or to inflict the injury resulting in death, but accidentally committed by the accused while he was doing an unlawful act amounting to a misdemeanor, or accidentally committed by the accused while he was doing a lawful act, but in a grossly negligent or improper manner." White v. State, 37 Ala.App. 424, 69 So.2d 874.

■ From a careful consideration of the testimony offered in this cause, the court is of the opinion that there was no error in the action of the court in overruling the motion to exclude the evidence and the case was properly submitted to the jury.

■ Refused charge number 3 requested by appellant relates to the crime of manslaughter in the first degree. The verdict in the instant case being for manslaughter in the second degree, the court will not be put in error for its refusal.

We turn now to a matter not raised in brief by either the State or the appellant. It appears that State witness Norman, a State Trooper, was allowed to testify over objection of appellant that in his opinion, which was based upon an examination made at the scene of the collision of the wrecked vehicles, the appellant was driving 75 miles an hour at the time of the collision.

Nowhere in any of the testimony does it appear that there were any skid marks which could be attributed to the vehicles involved in the collision on the occasion complained of. It further appears that the testimony of the witness was based solely on the condition of the automobiles as he found them when he arrived on the scene after the wreck had happened. The effect of the court's ruling was to allow this testimony over objection of appellant.

The governing rule is set out in Campbell v. Barlow, 274 Ala. 627, 150 So.2d 359, in which the court said:

"We are led irresistably to the conclusion, from the absence of any skid marks or other evidence from which a reasonable opinion as to speed could be predicated, that the trial court committed prejudicial error in overruling appellant's well-grounded objection to the testimony. For other cases in accord with our holding see Williams v. Roche Undertaking Co., 255 Ala. 56, 49 So.2d 902; Huguley v. State, 39 Ala.App. 104, 96 So.2d 315; McDonald v. Amason, 39 Ala.App. 492, 104 So.2d 716.

"We are fully cognizant of the cases upon which appellee relies, Johnson v. Battles, 255 Ala. 624, 52 So.2d 702; Jackson v. Vaughn, 204 Ala. 543, 86 So. 469; but in both cases there were skid marks upon which a reasonable estimate of speed might be predicated; thus, those decisions would not here be applicable."

Other cases are cited in Campbell v. Barlow, supra, dealing with this question as it may arise in various forms, but we do not deem it necessary to discuss these kindred rules in the instant case. The testimony of a State Trooper making an impartial investigation of a wreck is usually of such character as to impress the jury more than that of an average witness because of his considered expertise in these matters. We are of the opinion that the testimony of this witness, which was not cumulative, which suggests a higher speed on the part of the appellant than the testimony of any other witness, could not be said to be a matter of insignificance and when weighed by the jury could well be damaging to the appellant's substantial rights. Therefore, we do not think the Supreme Court Rule 45 should apply in this instance.

For this error the case must be reversed.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby reversed and the cause remanded.

Reversed and remanded.

All the Judges concur.