TYSON, Judge.
This is an original application for a writ of mandamus or a writ of prohibition.
Honorable David R. Archer, one of the Judges of the Twenty-Third Judicial Circuit of Alabama did, following a hearing, enter an order dated April 27, 1976, directing the District Attorney of Madison County to make available to the defendant, “transcripts of Grand Jury testimony, toxicology reports, and photographs,” pursuant to petition of the respondent, appellee here, Lawrence Glenn Hill. This proceeding arose following the first degree murder indictment of Hill by the Grand Jury of Madison County arising out of an automobile accident.
The respondent Hill had also filed in circuit court a notice to take the depositions of some thirty to thirty-five State witnesses, all of whom allegedly had some information as to the activities of one David Lee, the driver of the other vehicle prior to the accident out of which the indictment arose. In the trial court’s order of-April 27, 1976, the court decreed that the interrogatories and deposition of David Lee be taken pursuant to the provisions of Title 15, § 297, Code of Alabama 1940, and disallowed the taking of any depositions pursuant to interrogatories filed on any other witness.
Also in its order and decree of April 27, 1976, the circuit court directed that the State of Alabama, through the District Attorney’s office, not exercise the right to subpoena witnesses pursuant to the provisions of Title 13, § 229(2)(b), Code of Alabama 1940, as amended 1951.
Following the filing of the petition in this Court and upon preliminary examination thereof, this Court issued a preliminary “Order Directing Answer,” pursuant to the provisions of Rule 21(b), Alabama Rules of Appellate Procedure, adopted June 17, 1975, by the Supreme Court of Alabama. Both the petitioner and the respondent have filed briefs, and the respondent has duly filed an answer, and this cause was argued orally before this Court and taken under submission at that time.
Upon consideration of this cause and of the several allegations made, we are of the opinion that the District Attorney’s petition is due to be granted in part and denied in part as follows:
1. Insofar as the order of the trial court of April 27, 1976, directs the District Attorney to turn over any transcripts of Grand Jury testimony, tapes of Grand Jury testimony, or any other proceedings before the Grand Jury in Madison County, Alabama, in this cause, such order is hereby overruled; as the proceedings before the Grand Jury of Madison County, Alabama, *242 are not subject to pretrial disclosure. Thigpen v. State, 49 Ala.App. 233, 270 So. 2d 666, State ex rel. Baxley v. Strawbridge, 52 Ala.App. 685, 296 So.2d 779, and authorities cited therein.
2. That portion of the order of the trial court which directs that the respondent-appellee, Lawrence Glenn Hill, shall have the right pursuant to interrogatories to take the deposition of David Lee, in accordance with the provisions of Title 15, § 297, Code of Alabama 1940, is hereby ratified and affirmed. This Court is of the opinion that a proper showing was made to the trial court as to the deposition of this witness, but as to any and all other witnesses, we are of the opinion that the trial court correctly directed that no other depositions be taken in this cause, and this portion of the trial court’s order is hereby affirmed.
3. There has been no showing in this cause that the office of the District Attorney was preparing to use its subpoena power under the provisions of Title 13, § 229(2) (b), Code of Alabama 1940, as amended 1951, nor has there been “a threatened use of such power,” after indictment in this cause. We are, therefore, of the opinion that this aspect of the trial court’s order and judgment is due to be overruled and set aside, and we do so hereby direct.
The peremptory writ of mandamus will issue, commanding the respondent judge to set aside those aspects of his order, judgment and decree of April 27, 1976, which are inconsistent with this opinion. The peremptory writ is hereby
GRANTED IN PART; DENIED IN PART.
CATES, P. J., and BOOKOUT, J., concur.
HARRIS and DeCARLO, JJ., concur as to Parts 1 and 3, but dissent as to Part 2.