TYSON, Judge.
The indictment charged Thomas Niza Williams with the robbery of Cloretta Travis by putting her in fear and taking from her person “approximately one hundred twenty-five dollars.” The jury found the appellant “guilty of Robbery as charged,” and fixed punishment at fifteen years imprisonment. The trial court then set sentence in accordance with this verdict.
Cloretta Travis testified that she was employed at the Colonial Baking Company in Mobile County, Alabama, on January 8, 1976. The witness stated that she, her six year old son, and her “boss” were the only people inside the store around 1:30 p. m. of that day when the appellant’s alleged accomplice entered the store and began to browse around “looking at the cakes and everything.” Mrs. Travis stated that shortly thereafter her “boss” left the store and that the appellant’s accomplice then walked up to the check-out counter under the pretense of making a purchase. The witness testified that the moment she opened the cash drawer, the appellant came into the store armed with a gun and told her “he wanted the money in the drawer,” and also asked her why did she call the “cops” the last time he had robbed her after he had instructed her not to do so. She stated that she turned over, to the appellant’s accom *523 plice “approximately $100 or $125” while the appellant pointed a gun at her from two feet away. Before making an in-court identification of the appellant, Mrs. Travis was taken on voir dire, which revealed that the appellant and another man had robbed her at this store a week prior to the incident in question; that she had observed the appellant during the robbery (for which he was then being tried) some “three to five minutes”; and that she had made a positive and immediate identification of the appellant in a lineup conducted at the police station the day after the second robbery. Upon the jury’s return to the courtroom, Mrs. Travis made a positive in-court identification of the appellant as the man who had robbed her.
Officer John Saxon of the Mobile Police Department testified that on January 8, 1976, he was dispatched to the Colonial Bakery on St. Stephens Road to investigate an alleged robbery. He stated that when he arrived there he interviewed Mrs. Travis who gave him a complete description of the appellant and told him that the appellant had robbed her on a previous occasion. Officer Saxon testified he then broadcasted Mrs. Travis’ description of the appellant over the police radio.
Detective Hubert Bell, also of the Mobile Police Department, testified that the appellant, who is also known in the “streets” as “Wild Man” or “Ray,” was placed under arrest in the late evening of January 8, or the early morning of January 9,1976, at the intersection of Davis Avenue and Hospital Street. Detective Bell stated that the appellant was taken to the Criminal Investigation Division (C.I.D.) of the Mobile Police Department where he was advised of his Miranda rights. The witness testified that the appellant voluntarily gave an oral statement to him at C.I.D., and the substance of the appellant’s statement was disclosed to the jury by Detective Bell after an extensive voir dire examination revealed that the appellant’s statement was not induced by any threat, intimidation, promise, or hope of reward of any kind, and that the appellant fully understood his constitutional rights before making the statement. Detective Bell testified that the appellant orally confessed his participation, not only in the Colonial Bakery Store robbery of January 8, 1976, for which he is now being tried, but in the robbery of the same store on January 3, 1976. Detective Bell further stated that the appellant identified his accomplice in the January 8, 1976 robbery as Benny Ray Fields.
After the State rested, the appellant, out of the presence of the jury, called Benny Ray Fields to testify in his cause, but the witness on the advice of his counsel, the Honorable David Barnett, asserted his privilege against self-incrimination and refused to testify since he too was under indictment for his alleged involvement in the robbery for which the appellant was then being tried.
The appellant also requested William Craig, who was then under indictment for two robberies (unrelated to appellant’s instant cause) and who had been suspected of complicity in other crimes, to testify on his behalf. During a hearing held outside the jury’s presence, the appellant’s counsel made a showing as to what would be asked of the witness. The trial judge then advised the witness that he had a privilege not to testify about the proposed matter, and the witness, through his attorney, indicated to the court that he would not waive his constitutional privilege and declined to testify in this case.
The appellant, Thomas Niza Williams, then took the stand and denied his participation in the Colonial Store robbery of January 8, 1976, and further stated that after his arrest, he never confessed his involvement in that robbery to Detective Bell. The appellant admitted that his criminal record included convictions for assault and battery, robbery, and auto theft, all of which occurred in the State of Florida. The appellant concluded his testimony by stating that he did not even know the location of the Colonial Baking Company store allegedly robbed, nor had he ever seen the victim of that robbery, Cloretta Travis, be *524 fore she picked him out of the police lineup conducted on January 9, 1976.
I
In the appellant’s pretrial motion to produce, he prayed, inter alia, that the trial court grant him the following:
“11. A copy of the Grand Jury testimony received in connection with the above referenced indictment.
“12. That the Defendant be allowed to transcribe the record or taped testimony given by all witnesses against him who appeared before the Grand Jury that returned the above referenced indictment. “13. That the Defendant be allowed to listen to the recorded testimony of any and all witnesses against him who appeared before the Grand Jury returning the above referenced indictment.” [R. 6]
The trial court properly denied this portion of the appellant’s motion to produce because proceedings before the Grand Jury of Mobile County, Alabama, are not subject to pretrial disclosure. State ex rel. Baxley v. Archer, Ala.Cr.App., 335 So.2d 240 (1976); Thigpen v. State, 49 Ala.App. 233, 270 So.2d 666 (1972); State ex rel. Baxley v. Strawbridge, 52 Ala.App. 685, 296 So.2d 799 (1974), and authorities cited therein.
II
Following an extensive oral charge to which the appellant had no exceptions, two of the appellant’s written requested charges were also given. As to the remaining refused charges, we have carefully examined each and find that such were properly refused as being either affirmative in nature, incorrect statements of applicable law, argumentative under the evidence, and therefore invasive of the province of the jury, or were fully and substantially covered in the trial court’s oral charge, or other given charges. Therefore, their refusals were proper. Title 7, Section 273, Code of Alabama 1940. Downs v. State, 45 Ala. App. 415, 231 So.2d 336 (1969); Stinson v. State, 55 Ala.App. 629, 318 So.2d 325 (1975); Prince v. State, 50 Ala.App. 368, 279 So.2d 539 (1973).
We have carefully reviewed this record, as required by Title 15, Section 389, Code of Alabama 1940, and find same to be free from error. The judgment of the trial court is due to be and is hereby
AFFIRMED.
All the Judges concur.