361 So.2d 386 (1978)
Alphonsia SOMMERVILLE
v.
STATE.
2 Div. 207.
Court of Criminal Appeals of Alabama.
June 20, 1978.
Rehearing Denied July 25, 1978.
Orzell Billingsley, Jr., Quentin Q. Brown, Jr., Birmingham, for appellant.
William J. Baxley, Atty. Gen., and Samuel J. Clenney, III, Asst. Atty. Gen., for appellee.
HARRIS, Presiding Judge.
Appellant was convicted of assault with intent to murder and the Court sentenced him to twenty years imprisonment in the penitentiary. At arraignment, in the presence of his retained counsel, he pleaded not guilty. After sentence was imposed he gave notice of appeal. He was found to be indigent and a free transcript was furnished him. Trial counsel represents the appellant on this appeal.
The evidence in this case was in hopeless conflict. The testimony adduced by the State more than amply proved the corpus delicti. Six eyewitnesses for the State testified that appellant fired the pistol that struck the deceased. They saw the pistol in *387 appellant's hand and saw a blaze of fire come out of the barrel as appellant shot the victim.
This case arose from a dispute at the Soul Club of which appellant was the manager. It was a club primarily for young blacks under thirty years of age located in or near Aliceville, Pickens County, Alabama. The club had music for dancing and also served soft drinks and beer on occasions. There was an admission fee of one dollar per person and the club opened around 8 o'clock p. m. and closed at about midnight.
On the night of February 11, 1977, the victim, William E. Gosa, and two companions, arrived at the Soul Club at 10:30 p. m. The victim's friends informed him that nothing was happening there and they were preparing to leave and go to the 506 Club. The victim wanted to enter the club and buy a beer to carry with him to the other club but appellant told him he could not go in the club without paying the admission fee. One Joseph Williams who had paid his admission fee got into an argument with appellant about requiring the victim to pay a dollar just to go into the club and purchase a beer. At this point appellant ordered Williams and the victim to leave the premises. Williams told appellant that he had paid his dollar and he was not going to leave. Appellant left the entrance doorway for a few minutes and returned and said to Williams, "you ain't gone yet?" Williams again stated that he had paid his money and was not going anywhere. Appellant left the door again and in a few minutes he returned with a pistol and fired one shot which struck the victim in his side. According to the eyewitnesses for the State, appellant laid the pistol across his left arm to steady his aim. It is not disputed that the shooting took place outside the club.
The victim further testified that he intended to go inside the club and "pick up a beer" but did not when appellant told him he had to pay a dollar. The victim denied being involved in an argument about the payment for admission.
Several other witnesses testified to substantially the same facts. All of the State witnesses stated that after some dispute or argument, the details of which are unclear from the record, appellant shot William E. Gosa. All of these witnesses stated that Gosa did not have a weapon of any kind and did not attempt to use a weapon on appellant.
James Moore, an investigator for the Pickens County Sheriff's Department, testified that he took several photographs of the scene of the shooting. The photographs were admitted into evidence without objection. Investigator Moore stated that appellant's parents told him that a black man by the name of James E. Moore had done the shooting but they also stated that James E. Moore told them later that he was kidding and that he did not shoot the victim. The investigator was never able to locate James E. Moore.
At the conclusion of the State's case appellant made a motion to exclude the evidence but no grounds were specified in this motion. The motion to exclude was overruled.
Appellant then presented numerous witnesses who were at the Soul Club on the night of the shooting. All of these witnesses testified they did not know who shot the victim and all of them stated they did not see a pistol that night. Some, but not all of them, testified they heard one shot but did not know who shot the victim. One or more of these witnesses testified to the good character of appellant.
Appellant took the stand in his behalf and said he did not shoot the victim and did not even own a pistol. No pistol was ever found. He further stated that a dispute arose between the victim and three white boys and the victim and Joseph Williams. He told them he was going to call the police after the victim pulled a knife on these white boys and he went to his house nearby but he did not call the officers. He returned to the club and saw the argument was still in progress. He heard a shot but did not know who fired it.
Two of the white boys were called as witnesses by appellant and they admitted *388 they went to the Soul Club on the night of the alleged shooting but no one pulled a knife on them. They stated they did not know the victim of the shooting but they had a few words with a black boy and then left the place. They were not present when the shooting occurred.
In sum, appellant testified that the State witnesses who said he shot the victim were simply lying and that it was all a frame-up.
Appellant filed a motion for a new trial alleging, among other grounds, that the evidence failed to prove the elements of assault with intent to murder.
To sustain a conviction for assault with intent to murder, the evidence must establish an assault with the intent to take life; which, had the assault resulted in the victim's death, would have constituted murder. Malice is a necessary element. Hamm v. State, 56 Ala.App. 632, 324 So.2d 345. The necessary elements of intent and malice, in a prosecution for assault with intent to murder, can be inferred from the act of using a deadly weapon. Roberts v. State, 49 Ala.App. 729, 275 So.2d 709.
Here, the evidence presented by the State showed that appellant shot William E. Gosa from a distance of twenty feet with a pistol. Gosa was struck in the side. Hospital records of William Gosa were admitted in evidence without objection. Those records show that Gosa's wound necessitated repair of stomach lacerations and the removal of his spleen. It is relevant to show the extent of the victim's wounds as tending to prove the severity of the injuries and the intent with which they were inflicted. Dixon v. State, 57 Ala.App. 30, 325 So.2d 546.
This evidence is sufficient to sustain appellant's conviction, though he testified that he did not fire the shot. Conflicting evidence is always a jury question to determine. Alabama Digest, Criminal Law, Key Number 747.
Prior to trial, appellant moved that a transcript of the testimony before the Grand Jury be produced for his examination. The Court denied this motion. The State's attorney then told appellant that the testimony of the witnesses before the Grand Jury is not transcribed.
Appellant contends that he was entitled to discovery of the Grand Jury proceedings. He relies on Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973. That decision holds that where defense counsel shows a "particularized need," he may have access to relevant portions of Grand Jury testimony.
A Grand Jury is not required to compile records and the testimony in the absence of statute requiring preservation of the proceedings. State ex rel. Baxley v. Strawbridge, 52 Ala.App. 685, 296 So.2d 779. There is no such statute in this state. Steward v. State, 55 Ala.App. 238, 314 So.2d 313.
In the absence of a transcript, denial of a motion to produce is proper. Steward, supra; Strawbridge, supra; Sparks v. State, 46 Ala.App. 357, 242 So.2d 403. If appellant desired to use Grand Jury testimony to impeach the State's witnesses, he could have done this through a subpoena for the Grand Jurors who sat on the case. Strawbridge, supra.
During the direct examination of the victim, William Gosa, the State's attorney drew a diagram, laying out the scene. All geographical details were filled in under the instructions of the witness. Appellant objected to the State's attorney "laying out the scene." This objection was overruled.
While the State's attorney was making his closing argument, the following occurred:
"MR. JOHNSTON: We've got the 4th fellow standing here by the door Steve Gosa, We've got a 5th man standing right here on the corner (Writing these names on blackboard.)
"MR. BILLINGSLEY: Your Honor, we are going to object to this, we strongly object to it unless you follow all those people standing there, you are bypassing some of those people.
"MR. JOHNSTON: Who did I bypass? *389 "MR. BILLINGSLEY: You are putting some people in 2 places.
"THE COURT: Overruled.
"MR. BILLINGSLEY: We except.
"MR. JOHNSTON: Was he in any danger? How was his life in danger? (speaking of the defendant)
"MR. BILLINGSLEY: I am going to object to that. Your own witness placed Mr. Alphonsia Sommerville at another spot and I think he should be made to give both spots Your Honor.
"MR. JOHNSTON: Put him in any spot you want to."
The trial court's actions in overruling appellant's objections to the diagram and references to the diagram made in closing argument are not before this Court, since the diagram is not contained in the record. Gilliam v. State, 38 Ala.App. 420, 89 So.2d 584, cert. denied, 265 Ala. 697, 89 So.2d 587.
A thorough search of the record reflects no error injuriously affecting the substantial rights of the appellant. The judgment of conviction is due to be affirmed.
AFFIRMED.
All the Judges concur.
TYSON, J. concurs with an opinion.
TYSON, Judge, concurring.
I concur in the principal opinion in this cause as prepared by our distinguished Presiding Judge John O. Harris.
Counsel for the appellant cited to this Court in his brief, Dennis v. United States, 384 U.S. 855, 86 S.Ct. 1840, 16 L.Ed.2d 973, in support of his argument that he be allowed to examine the minutes of the Grand Jury in this cause. Dennis, supra, is an interpretation of Rule 6(e) of the Federal Rules of Criminal Procedure. Such rule has not been made applicable to state proceedings, nor insofar as has been cited to this Court, no opinion has been made known to us that such "particularized need" rises to the stature of a federally protected constitutional right.
This Court has several times noted that transcripts of Grand Jury testimony, tapes of Grand Jury testimony, or other proceedings before the Grand Jury which are by statute in Alabama secret, may not be made the subject of pretrial disclosures. Thigpen v. State, 49 Ala.App. 233, 270 So.2d 666; State ex rel. Baxley v. Strawbridge, 52 Ala. App. 685, 296 So.2d 779; and State ex rel. Baxley v. Archer, Ala.Cr.App., 335 So.2d 240.